[L. A. No. 127. In Bank.—November 14, 1895.]

## GEORGE W. TERRY, PETITIONER, *v.* THE SUPERIOR COURT OF THE COUNTY OF SAN DIEGO, RESPONDENT.

ACTION AGAINST MARRIED WOMEN—ASSUMPSIT—STATUTORY OBLIGATION—PLEADING—JUDGMENT.—An action against married women upon a contract for services rendered by undertakers in the burial of their father at their instance and request is an action of *assumpsit* to enforce a voluntary agreement, and not to enforce a statutory obligation against the wives under section 292 of the Penal Code, if no facts are stated in the complaint respecting such statutory obligation; and the judgment in such action can bind only the wives and their separate property.

ID.—JUSTICE'S COURT—RULES OF PLEADING—PROOFS—JUDGMENT.—However liberal the rules of pleading may be in a justice's court, the complaint must state the cause of action relied upon, and in that, as in every court, the allegations and proofs must correspond, and the judgment must be upon the demand and within the pleadings.

ID.— JUSTICE'S COURT — HUSBANDS AS PARTIES — APPEAL — SERVICE OF NOTICE—JURISDICTION OF SUPERIOR COURT.—In an action in the justice's court to enforce an *assumpsit* for services rendered at the special instance and request of married women, where the judgment rendered is not in terms against their husbands or the community property, but, in contemplation of the pleadings, is a judgment whose satisfaction can only be had from the separate property of the wives, the husbands are not parties adverse to their wives upon an appeal taken by the wives to the superior court; and the notice of appeal need not be served upon them as adverse parties in order to give jurisdiction to the superior court of the appeal, and its jurisdiction to determine the appeal cannot be restrained by writ of prohibition for want of such service.

APPLICATION in the Supreme Court for a writ of prohibition to restrain the Superior Court of San Diego County from hearing an appeal from the Justice's Court of San Diego Township. GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion of the court.

*Aitken & Smith,* for Petitioner.

*A. C. Mouser,* for Respondent.

The defendants not served with the notice of appeal were not adverse parties within the meaning of section 974 of the Code of Civil Procedure. Every party whose interest in the subject matter of the appeal is adverse to,

or will be affected by, the reversal or modification of the judgment or order from which the appeal has been taken, is an adverse party. (*Lancaster* v. *Maxwell*, 103 Cal. 68; *Senter* v. *De Bernal*, 38 Cal. 640; *Harper* v. *Hildreth*, 99 Cal. 267; *Hinkel* v. *Donohue*, 88 Cal. 598; *Latham* v. *Los Angeles*, 83 Cal. 565; *Millikin* v. *Houghton*, 75 Cal. 541; *Randall* v. *Hunter*, 69 Cal. 82.) The only object in requiring the husband to be joined with the wife in a suit against the latter, under section 370 of the Code of Civil Procedure, is that he may have an opportunity to make a defense on her behalf, and not for the purpose of binding his property by the judgment. (*McComb* v. *Spangler*, 71 Cal. 425.)

THE COURT.—This is an application for a writ of prohibition to restrain the superior court of San Diego county from hearing an appeal from the justice's court of San Diego township.

An action was brought in the justice's court of San Diego township by George W. Terry, petitioner herein, as plaintiff, against W. H. Dinwiddie and Harriet M. Dinwiddie, his wife, Robert Daly and Rebecca A. Daly, his wife, Visa J. Cline, Charles Morris, and Josephine Morris, his wife. No service of summons was had upon the defendants Morris and Cline, nor did they appear. The Dinwiddies and Dalys were served with summons and answered.

The action was upon a claim of Johnson & Co., undertakers, assigned to plaintiff, and was for services rendered by said undertakers in the burial of C. Breedlove, father of the women defendants, and of C. W. Breedlove, their brother, at their instance and request. Their husbands were joined as party defendants under the provisions of the code.

The judgment given in the justice's court was in favor of plaintiff, against defendants Harriet M. Didwiddie and Rebecca A. Daly. No judgment in terms was asked or given against their husbands, or either of them.

From this judgment the defendants Harriet M. Din-

widdie and Rebecca A. Daly gave notice of appeal to. the superior court. The cause being transferred to that forum, a motion was there made by plaintiff (petitioner herein) to dismiss the appeal, upon the ground that the superior court had no jurisdiction to entertain the same, for that the notice of appeal had not been served upon defendants W. H. Dinwiddie, Robert Daly, Charles and Josephine Morris, and Visa J. Cline.

The motion was decided adversely to plaintiff, and, the court retaining said appeal, this writ is sought to restrain it from proceeding further in the matter.

The superior court, in passing upon the motion, was not called upon to decide any controverted question of fact. The undisputed facts were that plaintiff was served with notice of appeal, and that the defendants Morris, Cline, W. H. Dinwiddie, and Robert Daly were not. The duty devolving upon the court was to determine, from the record upon appeal, whether the defendants not served, or any of them, were adverse parties to the appellants. (*Harper* v. *Hildreth*, 99 Cal. 265.)

The decision of the court upon the motion, by which ruling it retained the appeal, was not erroneous.

Adverse parties are those who, by the record, appear to be interested in the judgment, so that they will be affected by its reversal or modification. So far as concerns the defendants, Morris and Cline not having been served with summons, and not having appeared, they are not parties litigant to the judgment, and are neither friendly nor adverse upon appeal. It was not incumbent that they should be served. (*Hinkel* v. *Donohue*, 88 Cal. 598; *Merced Bank* v. *Rosenthal*, 99 Cal. 42.)

As to the husbands of appellants, their *status* in the controversy. is to be determined, as has been said, by reference to the record. By this it appears that the action was upon an express contract alleged to have been made, not by them, but by their wives—a judgment upon which would bind only the wives and their separate property. If, as was claimed upon argument, the action was prosecuted to enforce, not a voluntary

agreement, but a statutory obligation against the wives, under section 292 of the Penal Code, a judgment for which could be enforced against the community property, it need only be said that, however liberal the rules of pleading may be in a justice's court, nevertheless a cause of action must there be stated, and it must be the cause of action relied on, for in that, as in every court, the *allegata* and *probata* must correspond, and the judgment must be upon the demand, and within the pleadings. Plaintiff charged upon no statutory obligation; there is an entire absence of averment necessary to such charge; but he did sue in *assumpsit*, averring the performance of services at the special instance and request of the defendant wives.

Under such a complaint the husbands in the original action became proper and necessary parties defendant. Not, however, to the end that they or their property should be bound by the judgment, but solely that they might be able to aid their wives in their defense. The present utility of the statute in this progressive day may be open to question, but, however this may be, it was passed at a time when the lawmakers, perhaps with mistaken chivalry, believed that a wife brought into litigation might be the better for the comfort, protection and support of her husband's authorized presence, and in any event determined to secure it to her.

Nor was the judgment of the justice's court, in terms, against the husbands or the community property. In contemplation of the pleadings it was a judgment whose satisfaction could be had from the separate property of the wives alone.

Under such a condition of the record it is impossible to regard the husbands as parties adverse to their wives upon this appeal. Their interest in the judgment, and in its reversal or modification, is identical in kind and character with the wives' interest; they are in court, in contemplation of law as well as in fact, to assist their wives and not to oppose them, and in this appeal they occupy no position adverse or hostile to them.

It was therefore not necessary that the husbands should have been served with notice of appeal as "adverse parties," and this is all the superior court was called upon to decide in passing upon the motion to dismiss. By the appeal of the wives as taken that court obtained jurisdiction of the action. If, upon trial, it should believe it proper that the husbands should again be called in under section 370 of the Code of Civil Procedure, it would, on proper showing, make an appropriate order to that effect. But the necessity for such action is not here under consideration.

The application for a writ of prohibition is denied.