[S. F. No. 4047.    Department One.—April 8, 1905.]

ELIZABETH D. JOHNSON, Respondent, v. PHENIX INSURANCE COMPANY, Appellant, and BANK OF SAN MATEO COUNTY, Co-Defendant.

⌈146  571⌉
⌊149  177⌋

APPEAL FROM NEW-TRIAL ORDER—SERVICE OF NOTICE—DISMISSAL.—If the notice of appeal from an order denying a new trial is served upon the adverse parties to the motion in the court below, such service is sufficient to give this court jurisdiction to entertain the appeal therefrom, and it will not be dismissed for failure to serve a defendant interested in the judgment who was not a party to the motion.

ID.—SERVICE OF NOTICE OF INTENTION.—A failure to serve an adverse party with the notice of intention to move for a new trial may be

a reason for denying the motion, and for affirming the order upon appeal; but it does not constitute a reason for dismissal of the appeal.

FIRE INSURANCE — RECOVERY BY OWNER, PART PAYABLE TO MORT-GAGEE—APPEAL FROM JUDGMENT—FAILURE TO SERVE MORTGAGEE WITH NOTICE—DISMISSAL.—In an action upon a fire-insurance policy by the owner of a burned dwelling, which was made payable to his mortgagee, who was made a co-defendant with the insurance company, for want of consent to be a co-plaintiff, where, in accordance with the allegations and prayer of the complaint, judgment was rendered for plaintiff for the full amount of the insurance, out of which judgment the amount due to the mortgagee was ordered to be paid, an appeal by the insurance company from the judgment, upon which the notice of appeal was not served upon the mortgagee, as a party adversely interested therein, must be dismissed.

ID.—FAILURE OF RECORD TO SHOW SERVICE OF SUMMONS—NON-APPEAR-ANCE OF MORTGAGEE.—Although the record does not show affirmatively that the mortgagee was served with summons, or ever regularly appeared in the action, and only shows a statement by its attorney at the trial that the mortgagee preferred to remain neutral, that cannot affect its position as a party to the action, or relieve the insurance company appealing from the judgment from serving the mortgagee with the notice of appeal, as a party directly interested in the judgment appealed from, which is supported by the complaint, and which cannot be reversed without adversely affecting and destroying the interest of the mortgagee therein.

MOTION to Dismiss Appeals from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Corbet & Goodwin, and Lawrence T. Wagner, for Appellant.

R. H. McGowan, and Galpin & Bolton, for Respondent.

ANGELLOTTI, J.—Motion to dismiss appeals from a judgment and an order denying the motion for a new trial made by the Phenix Insurance Company, one of the defendants. The ground of the motion is, that the notice of appeal was not addressed to or served upon the co-defendant of appellant, the Bank of San Mateo County, alleged to be a necessary party to said appeals.

1. So far as the appeal from the order denying the motion

for a new trial is concerned, it is only necessary to say that the Bank of San Mateo County was not a party to the proceedings on motion for a new trial. The notice of intention to move for a new trial was addressed to the plaintiff and her attorneys only. If the notice of appeal from an order on motion for a new trial be served upon the adverse parties to the motion in the court below, such service is sufficient to give this court jurisdiction to entertain the appeal from such order, at least in cases where the motion has been denied in such court. (*Watson* v. *Sutro,* 77 Cal. 609.) The question as to whether other parties should have been made parties to the motion in the court below is not involved upon a motion to dismiss the appeal from such an order. (*Id.*) A failure to serve an adverse party with notice of intention to move for a new trial may be a reason for denying the motion for a new trial, and for affirming such order on appeal, but it does not constitute a reason for the dismissal of the appeal upon the ground that the court has not acquired jurisdiction to hear it. (*In re Ryer,* 110 Cal. 556, 559. See, also, *Barnhart* v. *Fulkerth,* 92 Cal. 155.)

2. The notice of appeal from the judgment was not addressed to or served upon the defendant Bank of San Mateo County. The action was brought by plaintiff to recover the amount of one thousand dollars and interest, alleged to be due upon a fire-insurance policy for one thousand dollars, made and delivered by the Phenix Insurance Company to plaintiff, covering her dwelling-house. By the terms of the policy, the loss, if any, was made payable to the Bank of San Mateo County, a mortgagee of plaintiff's property. The amount due such bank on said mortgage, as appears from the judgment, is four hundred dollars. The bank was made a party defendant for the reason, as alleged in the complaint, that it "is a necessary party . . .. and refuses to be made a party plaintiff herein." In her complaint, plaintiff asked for judgment for the full amount due on the policy, and "that out of said judgment the amount due and owing to the defendant, Bank of San Mateo County, on said mortgage be paid." It does not affirmatively appear that the bank ever answered, demurred, or gave written notice of appearance. (Code Civ. Proc., sec. 1014.) The judgment recites that, on the trial, George C. Ross, Esq., appeared for said defendant

bank, and "announced that they did not desire to answer the complaint, and wished to remain neutral in the matter." The judgment also recites that the case was tried by a jury, which found a verdict for plaintiff in the sum of one thousand dollars, with interest. The judgment proper is as follows:—

"It is ordered, adjudged and decreed that the plaintiff have and recover of and from the defendant, Phenix Insurance Company of Brooklyn, N. Y,, a corporation, the sum of $1,050.15, together with her costs and disbursements incurred herein amounting to the sum of $81.40, with interest thereon at 7 per cent per annum from date hereof until paid; and that out of said judgment there be paid to the defendant, Bank of San Mateo County, a corporation, the sum of $400.00." The notice of appeal states that the appeal is taken "from the judgment . . . in favor of the plaintiff in said action and against the said Phenix Insurance Company of Brooklyn, one of the defendants, and from the whole of said judgment."

Upon these facts, the question is presented as to whether the bank is an "adverse party," to whom notice of defendant's appeal was required to be given, in order to confer jurisdiction upon this court to entertain such appeal.

It is apparent that, under the terms of this judgment, the right of the bank to the four hundred dollars thereby ordered paid to it, is dependent upon the maintenance of the judgment given *in favor of the plaintiff*. It is the plaintiff alone who is adjudged to recover from the insurance company, and it is "out of said judgment" *in favor of plaintiff* that the bank is to be paid. The appeal is from the judgment *"in favor of the plaintiff in said action"* against the insurance company and from the whole thereof. This, under the language of the judgment, necessarily includes the whole amount found due on the policy. If, on the appeal, the judgment be reversed, the judgment, in so far as it requires the payment of *any* money by the insurance company, is vacated, and there is no fund against which the bank may enforce its adjudged right.

It does not, however, follow that there is no judgment in favor of the bank. There may be no judgment in its favor directly enforceable by it against the insurance company, but

the bank is adjudged to have an interest to the extent of four
hundred dollars in the judgment recovered by plaintiff, and
it is in terms ordered that from the same said sum of four
hundred dollars shall be paid to the bank.   The plain effect
of this provision is that to the extent of four hundred dollars
of the amount given by the judgment to the plaintiff, the
plaintiff is practically adjudged to be only a trustee for the
bank.   The bank is to that extent beneficially interested in
the fund adjudged to be recovered from the insurance com-
pany by the plaintiff.   So far as the bank is concerned, the
judgment determines, as against the insurance company, the
right to the recovery by the plaintiff of a certain amount of
money, in a portion of which the bank has a beneficial interest,
and as between the plaintiff and the bank, the extent of the
bank's interest *in the amount so recovered.*   The judgment
establishes a fund, to be collected from the insurance com-
pany, from which the bank is, under the terms of the judg-
ment, to be paid.   This is a judgment in favor of the bank
that would be absolutely nullified if defendant's appeal were
sustained and the judgment in her favor reversed.

We cannot say that the superior court was without jurisdic-
tion to so adjudge the rights of the bank.   (Code Civ. Proc.,
sec. 578.)   The complaint states facts upon which a judgment
may be based, and practically asks for the very judgment
that was given.

Under these circumstances it seems impossible to escape the
conclusion that the bank is an ''adverse party'' within the
meaning of section 940 of the Code of Civil Procedure.   An
adverse party is one ''whose rights may be affected by a
reversal of the judgment.''   (*Williams* v. *S. C. Mining Assn.,*
66 Cal. 193.)   In *Senter* v. *De Bernal,* 38 Cal. 637-640, it
was said: ''The question is as to the meaning of the words
'adverse party' as here used, and as to that we think there
can be no rational doubt.   Every party whose interest in the
subject-matter of the appeal is adverse to or will be affected
by the reversal or modification of the judgment or order
from which the appeal has been taken, is, we think, an 'ad-
verse party,' within the meaning of these provisions of the
code, irrespective of the question whether he appears upon
the face of the record in the attitude of plaintiff or defendant
or intervener''; and in *Terry* v. *Superior Court,* 110 Cal. 85,

it was said that "adverse parties are those who, by the record, appear to be interested in the judgment so that they will be affected by its reversal or modification."

It is apparent from the record that the judgment here cannot be reversed without depriving the bank, a party to the action, of an apparent legal advantage. (See *In re Castle Dome Mining etc. Co.,* 79 Cal. 246, 248, 249.) The effect of the judgment was to provide for the payment of a debt due to it from money recovered by plaintiff from the insurance company, and the reversal of the judgment would be to deprive it of such fund. It is no answer to this to say that the insurance company has in fact no defense against the bank, and that the bank may ultimately recover the money due it by another judgment in this action directly against the insurance company, or that it may collect its debt from the mortgagor. The question is whether the judgment gives it something which will be taken away by a reversal. The judgment which it is here sought to reverse provides for the immediate payment of the money due the bank, from a fund to be collected from the insurance company, and this gives the bank an apparent legal advantage. The relief which the insurance company seeks upon this appeal cannot be granted as to the plaintiff, without also being granted as to the bank.

It is suggested that the interest of the bank in the judgment is not a direct interest, but only a collateral or remote interest, and that only those who are directly interested in the judgment or order appealed from can be held to be adverse parties. We are of the opinion that it is apparent from the record that the defendant bank has a direct and immediate interest in the subject-matter of the appeal that would be affected by a reversal of the judgment.

It is urged that the bank did not plead or appear in the action, and *Clarke* v. *Mohr,* 125 Cal. 540, is cited in support of the contention that it was therefore unnecessary to serve it with a notice of appeal. That was a case where the notice of appeal had not been served upon certain defendants who recovered nothing under the judgment, and as to whom the judgment dismissed the action. On the appeal of a defendant against whom the judgment ran in favor of an intervener who claimed some interest in the fund in dispute, it was held that as the record did not show that such defendants who

had been dismissed from the action were served with summons or had appeared, service of the notice of appeal on them was not requisite. It was said: "Unless they had been brought before the superior court they would not be affected by its judgment, or by the reversal thereof by this court." What is there decided can have no application to a case where the judgment has been given in favor of one who is shown by the record to have been, in fact, a party to the action.

The appeal from the judgment is dismissed. As to the appeal from the order denying the motion for a new trial, the motion to dismiss is denied.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.