[S. F. No. 4047.    Department One.—October 7, 1907.]

ELIZABETH D. JOHNSON, Respondent, v. PHENIX INSURANCE COMPANY OF BROOKLYN, NEW YORK et al., Defendants. PHENIX INSURANCE COMPANY OF BROOKLYN, NEW YORK, Appellant.

APPEAL BY ONE DEFENDANT FROM JUDGMENT — DISMISSAL — ADVERSE PARTY.—In dismissing an appeal from a judgment taken by one of two defendants, for the reason that the notice of appeal was not served on the co-defendant, the supreme court necessarily determined that such co-defendant was an "adverse party" within the meaning of section 940 of the Code of Civil Procedure.

ID.—APPEAL FROM ORDER REFUSING NEW TRIAL—SERVICE OF NOTICE OF NEW TRIAL—DENIAL OF ORDER.—While an appeal from an order denying a motion for a new trial will not be dismissed for the failure to serve the notice of appeal on a party who had not been made a party to the motion, still the failure to serve the notice of the motion for a new trial on an adverse party, as required by section 659 of the Code of Civil Procedure necessitates the denial of the motion for a new trial, and on appeal the affirmance of the order denying such motion.

ID.—NEW TRIAL ATTACKS VERDICT—JUDGMENT FOLLOWING PLEADINGS.—While a motion for new trial attacks the verdict rather than the judgment, and may be made prior to the entry of judgment, and therefore the question who is an adverse party, entitled to notice under section 659, is to be determined from the verdict rather than the judgment, nevertheless, where the judgment is one which under the pleadings properly follows from the verdict, the question who are adverse parties is the same whether the verdict or judgment be considered

ID.—ACTION ON INSURANCE POLICY—MORTGAGEE AS DEFENDANT—APPEAL BY INSURER.—In an action by the insured to recover a loss under a policy of fire insurance in the sum of one thousand dollars, brought against the insurer and a mortgagee of the insured property holding a 'mortgage to secure an indebtedness of four hundred dollars

owing from the plaintiff, in which the complaint prayed for judg-
ment for the full amount of the policy and that out of such
judgment the amount due the mortgagee be paid, a verdict for the
plaintiff for the full amount of the policy should be construed in
the light of the pleadings and the case made by the complaint and
as giving the mortgagee a beneficial interest therein to the extent
of the mortgage indebtedness. So construed the mortgagee was an
adverse party to a motion by the insurer for a new trial, and should
have been served with notice of the motion.

APPEAL from an order of the Superior Court of San
Mateo County refusing a new trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Corbet & Goodwin, and Lawrence T. Wagner, for Appellant.

R. H. McGowan, and Galpin & Bolton, for Respondent.

SLOSS, J.—This is an appeal by the defendant Phenix
Insurance Company from an order denying its motion for a
new trial. An appeal by the same defendant from the judg-
ment has heretofore been dismissed for the reason that notice
of appeal, although served on the plaintiff, was not served on
the co-defendant, Bank of San Mateo County. (*Johnson* v.
*Phenix Insurance Co.*, 146 Cal. 571, [80 Pac. 719].) In so
dismissing the appeal, the court necessarily determined that
the Bank of San Mateo County was "an adverse party" within
the meaning of section 940 of the Code of Civil Procedure.

The motion for new trial was, like the notice of appeal from
the judgment, addressed to and served upon the plaintiff and
her attorneys only. At the time of moving to dismiss the
appeal from the judgment, the respondent moved to dismiss
also the appeal from the order denying a new trial on the
ground that notice of that appeal had not been served on the
Bank of San Mateo County. That motion was denied, the
court pointing out that as only adverse parties to the pro-
ceeding in the court below need be served and as the Bank
of San Mateo County had not been made a party to the motion
for new trial, the failure to serve it with notice of appeal from
the order made on that motion furnished no ground for dis-
missing the appeal. The opinion expressly recognized, how-
ever, that while the appeal could not be dismissed, the failure

to serve the notice of motion for new trial on an adverse party might furnish a good reason for denying the motion, and, on appeal, for affirming the order denying such motion. That an order denying a new trial will be affirmed where notice of intention to move for such new trial has not been served on the adverse party is well settled. In *Herriman* v. *Menzies,* 115 Cal. 16, 26, [56 Am. St. Rep. 81, 44 Pac. 660, 661, 46 Pac. 730], the court, after refusing to dismiss the appeal from an order denying a new trial, affirmed the order on this ground, saying: ''Section 659 of the Code of Civil Procedure, however, requires that the party intending to move for a new trial shall 'serve upon the adverse party a notice of his intention.' The 'adverse party' upon whom this notice is to be served, is determined by the same rules as is the 'adverse party' upon whom a notice of appeal is to be served, viz., every party whose interest in the subject-matter of the motion is adverse to or will be affected by the granting of the motion or changing the former decision of the court; and a failure to serve such adverse party with the notice of an intention to move for the new trial will be attended with the same consequences as a failure to serve an adverse party with a notice of appeal from the judgment. The superior court can have no jurisdiction to re-examine an issue of fact that it has tried, and change its decision thereon, unless all the parties to the issue and former decision are properly before it.'' (See, also, *Barnhart* v. *Fulkerth,* 92 Cal. 155, [26 Pac. 221] ; *In re Ryer,* 110 Cal. 556, 559, [42 Pac. 1082] ; *Estate of Young,* 149 Cal. 173, [85 Pac. 145].)

In accordance with this rule the respondent contends that, without examination of the points made on the motion for new trial, the order denying that motion must be affirmed, for the reason that the notice of intention to move for a new trial was not served on the Bank of San Mateo County.

As we have stated, this court has already, in *Johnson* v. *Phenix Ins. Co.,* 146 Cal. 571, [80 Pac. 719], decided that the bank was an adverse party, entitled to service of notice of appeal from the judgment. Whether or not that decision is, on the present appeal, to be regarded as the ''law of the case,'' we see no reason for doubting the correctness of the views announced in dismissing the appeal from the judgment. If the relative situation of the parties on this appeal does not

differ from that there presented, it follows that the respondent's demand for an affirmance of the order must be sustained.

But it is urged by the appellant that inasmuch as a new trial is a re-examination of an issue of fact after a trial and decision by a jury or court (Code Civ. Proc., sec. 656) and the effect of the order granting a new trial is to vacate the verdict or other decision (Code Civ. Proc., sec. 657), it is the *verdict* or *findings* rather than the *judgment* which must be looked to to determine whether or not a party to whom notice has not been given is an adverse party. Accordingly, it is argued that the fact that the judgment conferred upon the Bank of San Mateo County certain rights of which it would have been deprived by a reversal, does not establish the proposition that the verdict which it is here sought to review, gave to the bank such rights.

That the motion for new trial attacks the verdict rather than the judgment, and that such motion may be made prior to the entry of judgment is no doubt true (Code Civ. Proc., sec. 659) and therefore the question who is an adverse party, entitled to notice of intention under section 659, is to be determined from the verdict rather than the judgment. It is conceivable that a judgment might declare rights in favor of a party, although the verdict did not authorize such declaration. Such party would be entitled to service of notice of appeal from the judgment, but he would not necessarily be entitled to notice of motion for new trial, which was intended only to attack the verdict. Where, however, the judgment is one which under the pleadings properly follows from the verdict found, the question who are adverse parties is the same whether we regard the verdict or the judgment. The only question here, then, is whether the judgment followed the verdict, or in other words, whether the verdict gave to the Bank of San Mateo County the rights which were declared in the judgment to belong to it.

The action was upon a policy of fire insurance upon a dwelling house, in the sum of one thousand dollars, issued to the plaintiff by the Phenix Insurance Company. The policy contained a provision that loss if any should be payable to the Bank of San Mateo County, mortgagee. A loss having occurred, the plaintiff commenced this action against the

insurance company and the Bank of San Mateo County, alleging that the bank held a mortgage on the property to secure an indebtedness of four hundred dollars owing from the plaintiff; that said bank refused to be made a party plaintiff, and for that reason was joined as a party defendant. The prayer of the complaint was for judgment for the full amount due on the policy and "that out of said judgment the amount due and owing to the defendant Bank of San Mateo County on said mortgage be paid." The verdict reads as follows: "We, the jury, find for the plaintiff in the sum of $1,000, with interest at seven per cent per annum from the 5th day of June, 1903." By the judgment it is adjudged "that the plaintiff have and recover of and from the defendant Phenix Insurance Company etc. the sum of $1050.15," (together with costs and interest), "and that out of said judgment there be paid to the defendant Bank of San Mateo County, a corporation, the sum of $400."

While the verdict is nominally in favor of the plaintiff only, we think it should be read as conferring upon the Bank of San Mateo County the benefits which were by the judgment declared to belong to it. In the opinion rendered on dismissing the appeal from the judgment, this court said: "We cannot say that the superior court was without jurisdiction to so adjudge the rights of the bank. (Code Civ. Proc., sec. 578.) The complaint states facts upon which a judgment may be based, and practically asks for the very judgment that was given." The verdict must be read in the light of the pleadings and the case made by the complaint (29 Am. & Eng. Ency. of Law, 2d ed., p. 1022; *Hutchinson* v. *Supreme Court*, 61 Cal. 119; *Johnson* v. *Visher*, 96 Cal. 310, [31 Pac. 106], and so as to carry out the intent of the jury. (29 Am. & Eng. Ency. of Law, 2d ed., p. 1023.) Plaintiff was not seeking a general unqualified judgment for one thousand dollars. She asked merely for a judgment for this amount, subject to the qualification that, as to four hundred dollars thereof, payment should be made to the bank. It is not to be presumed that the jury intended to grant to the plaintiff more than she asked. The verdict as it reads is entirely consistent with the view that it was intended to give to the plaintiff merely the relief sought by her and actually given to her by the judgment. So construed it vested a beneficial interest in the bank, of which the bank would be deprived by the granting of a new trial.

For these reasons the lower court could not grant a new trial upon a motion made without the service of notice upon the bank.

The order denying a new trial is affirmed.

Shaw, J., and Angellotti, J., concurred.