[Civ. No. 562.   Third Appellate District.—July 10, 1909.]

FORD & SANBORN CO., a Corporation, Respondent, v. BRASLAN SEED GROWERS CO., a Corporation, Appellant, and CHARLES P. BRASLAN, G. T. DUNCAN and W. F. DUNCAN CO., Defendants.

MOTION FOR NEW TRIAL—SERVICE OF NOTICE OF INTENTION.—Upon a motion for a new trial the notice of intention must be served upon all adverse parties whose interests would be adversely affected by the granting of the motion to give the court jurisdiction to grant a new trial.

ID.—BILL OF EXCEPTIONS—SERVICE UPON ALL ADVERSE PARTIES REQUIRED—AFFIRMANCE OF ORDER.—The bill of exceptions, to be used

on the motion for a new trial, must be served upon all parties adversely interested in the result of the motion, or in the result of an appeal from an order denying the motion, else the appeal from such order must be affirmed.

Id.—New Method of Appeal—Filing of Notice—Service of Notice of Intention and Bill of Exceptions Unchanged.—Notwithstanding the new method of appeal does not require the filed notice of appeal to be served, yet such method does not dispense with the requirement for service of the notice of intention to move for a new trial, and for service of the bill of exceptions to be used thereon, upon all adverse parties.

Id.—Joint Judgment—Affirmance Upon Appeal—Adverse Parties not Served.—Where the judgment was joint against the appellant and two codefendants, and the appellant claimed upon the trial and also upon appeal that he was not liable, and that the codefendants were the only parties liable, such codefendants were adverse parties, who must be served with the notice of intention to move for a new trial, and with notice of the bill of exceptions to be used thereon, and when there was no such service, and no error appears upon the judgment-roll, the judgment and order denying a new trial must be affirmed.

Id.—Construction of Code Provisions.—*Held,* that there is nothing confusing or misleading in the provisions of section 650 of the Code of Civil Procedure as amended; and that its provisions are not directory so far as relates to the service of notice.

Id.—Adverse Parties not Complaining—Immaterial Fact.—The fact that the adverse parties were not served with the notice of intention to move for a new trial or with notice of the bill of exceptions, or with notice of the appeal, is not material, since they have had no opportunity to complain. They might be satisfied with a judgment making the appellant jointly liable with them, but might seriously object to having the judgment reversed or so modified as to make them solely liable.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Campbell, Metson, Drew, Oatman & Mackenzie, C. D. Wright, and Alexander & Alexander, for Appellant.

Dougherty & Lacey, for Respondent.

CHIPMAN, P. J.—This is an action in *assumpsit* for goods, wares and merchandise sold to defendants by plaintiff. The complaint is verified. Defendants Braslan Seed Growers Co. and Charles P. Braslan filed their verified answer, specifically denying the averments of the complaint so far as they related to the alleged sale of the goods. Defendants G. T. and W. F. Duncan answered in their own proper persons as follows: "The defendants G. T. Duncan and W. F. Duncan, hereby enter this their appearance in the above-entitled case, and deny each and every allegation of the complaint." The cause was tried by a jury and plaintiff had judgment, upon the verdict, against W. F. Duncan and G. T. Duncan and Braslan Seed Growers Co. for the sum of $2,087.34 and costs of suit, and defendant Charles P. Braslan had judgment against plaintiff for his costs of suit. Defendant Braslan Seed Growers Co. appeals from the judgment and from the order denying its motion for a new trial.

It is claimed by respondent that the bill of exceptions cannot be considered, and that the appeals must be dismissed or the judgment and order affirmed. This contention arises out of the following condition of the record: Judgment was entered September 23, 1907. Notice of intention to move for a new trial was served upon plaintiff's attorneys "in due time," date not given. Notice of appeal from the judgment was served upon plaintiff's attorneys and filed November 19, 1907. Bill of exceptions was presented to attorneys for plaintiff, date not given, who "stipulated that the foregoing may be settled and allowed by the court," and on March 16, 1908, it was indorsed by the court "approved and allowed." It bears no filing mark or date by the clerk. Motion for new trial was denied June 26, 1908, and notice of appeal from the order served on plaintiff's attorneys July 8, 1908. It is conceded that no service of the notice of intention to move for a new trial, or of any other steps in perfecting the bill of exceptions or taking the appeal, was made upon either of defendants, W. F. and G. T. Duncan. They seem to have been ignored as negligible quantities in the preparation of the papers on appeal.

In the trial of the case certain relations were shown to have existed between defendants the Duncans and defendant Bras-

lan Seed Growers Company in the purchase of the goods,
subject of the action, which, as claimed by respondent, fixed
a liability upon the defendants, the Duncans, and also upon
the company both as guarantors of and either as partners or
as engaged in a joint enterprise with the defendants, the
Duncans, and the judgment was against the Duncans and the
Seed Growers Company.  The contention of the appellant at
the trial was and is here that the Duncans were alone liable.
That the Duncans are adverse parties, within the meaning
of sections 659, 940, 941a, 941b and 941c, would seem not to
admit of a doubt.  (*Johnson* v. *Phenix Ins. Co.,* 146 Cal. 571,
[80 Pac. 719] ; *Johnson* v. *Phenix Ins. Co.,* 152 Cal. 196, [92
Pac. 182].  See, also, *Niles* v. *Gonzales,* 155 Cal. 359, [100
Pac. 1080].)  The contention of appellant, if sustained, would
relieve it from all liability and cast the burden of the judg-
ment wholly upon the Duncans without the right of contribu-
tion.  They are, therefore, directly interested in, and would
be affected by the reversal or modification of, the judgment
or order from which the appeal has been taken, in which
case, as was said in *Senter* v. *De Bernal,* 38·Cal. 637-640,
they would be adverse parties, "within the meaning of the
provisions of the code, irrespective of the question whether
they appear upon the face of the record in the attitude of
plaintiffs or defendants or interveners."  They are adverse
parties because, as was said in *Terry* v. *Superior Court,* 110
Cal. 85, [42 Pac. 464], "by the record, they appear to be
interested in the judgment so that they will be affected by its
reversal or modification."

By the provisions of the newly added sections of the Code
of Civil Procedure, approved March 20, 1907 (Stats. 1907, p.
753), namely, sections 941a, 941b, 941c, a "new and alterna-
tive method by which appeals may be taken from judgments,
orders or decrees of the superior court," is provided, and it
is provided that the notice of appeal therein mentioned "need
not be served upon any of the parties to the action . . . but
when filed . . . shall, without further action on the part of
the appellant, transfer the cause for decision and determina-
tion to the higher court."  When taken under these sections,
the appeal "shall have the same force and effect as appeals
taken pursuant to the provisions of sections 939, 940 and 941
of this code; *provided, however,* that any question may be

reviewed therein which question could be reviewed upon an appeal taken pursuant to the provisions of section 939 of this code." In the light of *Mitchell* v. *California & Oregon S. Co.*, 154 Cal. 731, [99 Pac. 202], we think it apparent that the appeal was so far perfected as to give this court jurisdiction of it, whether appellant proceeded under the old or the new law. The notice of appeal was duly filed, and though not served on the Duncans, the filing complied with section 941b. To all appearances the appeal was in fact perfected in accordance with the old law, still, as we understand the opinion in the Mitchell case, *supra,* the filing of the notice of appeal was equally effective under whichever method was pursued by appellant. We conclude, therefore, that the appeal from the judgment had the effect to bring up for review the judgment and whatever properly became part of the judgment-roll. The appeal from the order also brought up the order, for the amended code provision refers to orders as well as to judgments. And here arises the question, Can the bill of exceptions be considered in view of the fact that the defendants, the Duncans, as adverse parties were not served with any notice of any of the proceedings leading up to the order denying the motion for a new trial? Can it be held that, by the mere filing of the notice of appeal from the order, the appellant is relieved from the necessity of complying with statutory provisions relating to the preparation of its bill of exceptions? Does the filing of a notice of appeal have such retroactive operation as to obviate all noncompliance with the statute, or render inoperative its plain provisions relating to the preparation of the bill? Are adverse parties to be deprived of the right to service of the notice of intention to move for a new trial or to participate in preparing the bill by the mere filing of notice of appeal from the order after the bill is settled? If one adverse party may be ignored, may not all, and, if so, may not the appellant proceed *ex parte* and have his bill settled? It seems to us that there can be but one answer to these questions, and that answer is, that the appealing party must comply with the statute which gives the right to have a bill of exceptions reviewed or it cannot be considered.

Section 659, Code of Civil Procedure, as amended in 1907 (Stats. 1907, p. 717), provides as follows: "The party intend-

ing to move for a new trial must, within ten days after receiving notice of the entry of the judgment, file with the clerk and *serve* upon the adverse party a notice of his intention," designating the grounds of the motion and whether it will be made upon affidavits, minutes of the court, bill of exceptions or statement of the case.   The notice in the present case declared that the intention was to move for a new trial, as to certain grounds, "upon evidence to be thereafter prepared, *served* and filed," and as to certain other grounds, "upon a bill of exceptions to be thereafter prepared, proposed, *served* and settled in accordance with the provisions of law."   Paragraph 2 of this section provides that the bill of exceptions shall be prepared as provided in section 650, Code of Civil Procedure.   This section  provides that "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may (within the time specified and upon the conditions prescribed) prepare the draft of a bill, and *serve* the same by copy thereof upon the adverse party."   It then prescribes certain steps to be taken to complete the bill by amendments proposed, if any, "after such *service* upon the adverse party."   "The proposed bill and amendments must" be presented, by the party seeking its settlement, to the judge, "*upon five days' notice* to the adverse party," etc.   It is not necessary to pursue the provisions of this section further. There may be some confusion or contradiction in the terms of the section, but upon the point that the adverse party is to have notice of the proceedings to settle the bill there is no confusion or doubt.   At the time section 659 was amended a new section, 663a, was adopted, which provides that "the party intending to make the motion mentioned in the last section ·(663) must . . . *serve* upon the adverse party and file with the clerk of the court a notice of his intention," etc. There is nothing in the new sections or in the amendments of the old sections that would warrant the court in holding that service of notice of intention and of the other steps in the preparation of the bill are dispensed with.   In this respect there is no change in the law.

It was held in *Herriman* v. *Menzies,* 115 Cal. 16, [56 Am. St. Rep. 82, 44 Pac. 660, 46 Pac. 730], that "Section 659 of the Code of Civil Procedure, however, requires that the party intending to move for a new trial shall 'serve upon the ad-

verse party a notice of his intention.' The 'adverse party' upon whom this notice is to be served is determined by the same rules as is the 'adverse party' upon whom a notice of appeal is to be served, viz., every party whose interest in the subject matter of the motion is adverse or will be affected by the granting of the motion or changing the former decision of the court. . . . The superior court can have no jurisdiction to re-examine an issue of fact that it has tried, and change its decision thereon, unless all the parties to the issue and former decision are properly before it." The same question came before the court in *United States* v. *Crooks*, 116 Cal. 43, [47 Pac. 870], and was similarly decided. These cases hold that the appeal will not be dismissed, but that the order will be affirmed. We can see no reason why service of notice of the statutory steps should not be required as directed by the statute, for we cannot believe the code contemplates that the appealing party may proceed *ex parte,* and prepare and have approved his bill of exceptions, without notice to the adverse parties. There is no more reason for requiring service of the notice of intention than of the subsequent proceedings. (*Estate of Scott*, 128 Cal. 578, [61 Pac. 98].) Our conclusion is that the bill of exceptions cannot be considered and that the order must be affirmed.

Appellant's reply, as to want of service of the bill, is, first, that the provisions of section 650 as amended "are so absurdly confused that no one can follow it"; second, that the provisions are directory only; third, that "counsel by participating in all the proceedings, waived want of service"; citing *Hicks* v. *Masten*, 101 Cal. 651, [36 Pac. 130]. The reply to want of service of notice of intention is, first, by citing *Johnson* v. *Phenix Ins. Co.*, 146 Cal. 571, [80 Pac. 719]; second, that the Duncans are not complaining, and that they were not adverse parties, being satisfied with the judgment.

We find no confusion in section 650 sufficient to render it absurd or inoperative; we do not think its provisions directory in so far as they relate to service of notice. Counsel for respondent may have waived want of service as to respondent, by assisting in the settlement of the bill, but *Hicks* v. *Masten*, 101 Cal. 651, [36 Pac. 130], decides nothing beyond waiver as to the party who without notice takes part in settling the bill. The case does not hold that this excuses notice to other

adverse parties for whom no one appeared in the settlement of the bill. *Johnson* v. *Phenix Ins. Co.,* 146 Cal. 571, [80 Pac. 719], furnishes no support to appellant's contention. In that case the judgment was dismissed, but the motion to dismiss the appeal from the order was denied. The question as to whether service upon the nonappealing San Mateo bank was necessary was not decided. But in the same case when the question arose on its merits the court decided that the order must be affirmed, because the notice of motion for a new trial, as required by section 659, Code of Civil Procedure, was not served upon an adverse party. It is immaterial that the Duncans are not complaining. They had no opportunity to complain for they had no notice of an intention to appeal or to move for a new trial. They might well be satisfied with a judgment that made the company jointly liable with them, but might seriously object to having the judgment reversed or so modified as to make them solely liable.

We have thus for review the appeal from the judgment on the judgment-roll alone, *i. e.,* the pleadings, copy of the verdict of the jury, copy of any order made on demurrer (there was no demurrer), or relating to the change of parties (of which there was none), and a copy of the judgment. The bill of exceptions cannot be treated as part of the judgment-roll for the reasons already stated.

The only conflict between the general verdict and the special findings related to the individual liability of defendant Charles P. Braslan. The general verdict ran against him personally with the other defendants. Special findings were to the effect that he was not individually liable. On motion of his attorneys the court gave judgment for Braslan against plaintiff. We discover no inconsistency or conflict between the other special findings and the general verdict. Neither the general verdict nor the special findings are open to attack as unsupported by the evidence.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1909.