## JONES et al. v. WILLIAMSON et al.

No. 2854. Decided October 2, 1917. (168 Pac. 110.)

1. NEW TRIAL—MOTION—NOTICE—REQUISITES. Comp. Laws 1907, section 3294, requiring a party intending to move for a new trial to serve upon the adverse party notice of such intention, does not require such notice between codefendants, all of whom joined in preparing a bill of exceptions and in serving it, and also joined in the appeal and were properly before the court, the service of such notice in such case being a futile thing. (Page 448.)

2. EXCEPTIONS, BILL OF—TIME TO FILE. Where defendants moved separately for new trials, without serving on each other notice of intention to do so, the time for filing and serving the bill of exceptions commenced to run from the time the order was made striking such motions. (Page 449.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan,* Judge.

Action by R. Jones and others against J. W. Williamson and others.

Judgment for plaintiffs. Defendants appeal.

REMANDED with directions to modify in part, otherwise judgment affirmed.

*Parker & Robinson* for appellants.

*A. C. Hatch* and *E. A. Walton* for respondents.

### STATEMENT OF FACTS.

This is an action for the rescission of a contract and for the recovery of damages for the breach thereof, and for the cancellation of certain promissory notes executed by the plaintiff, except D. N. Murdock, at the time of and in connection with the making of the contract.

To reverse the judgment rendered in favor of plaintiffs defendants have appealed the case to this court.

The facts and circumstances leading up to, and which culminated in, the making of the contract and in the execution of the promissory notes referred to are briefly stated by counsel for plaintiffs, in their printed brief, as follows:

"In 1911, the defendants J. W. Williamson and Juel Moody had a jack at Heber City, Utah, which they were offering for sale. Upon arriving at said Heber City, they met the plaintiff D. N. Murdock, and entered into an agreement with him whereby they promised and agreed with said Murdock, if he would aid and assist them in inducing other persons to jointly purchase the said jack, that they would make the price of the jack $2,000, in shares of $200 each, and would give to Murdock one share for such service. Murdock was known to the plaintiffs, having been in like business, and having a knowledge of the value of such animals, and he undertook to and did, with the two defendants Williamson and Juel Moody sell the jack for the sum of $2,000, and received from the defendants the $200 share thereof. The other defendants gave their notes to J. W. Williamson and Company, for $1,800 payable in one and two years from the date of the sale."

Certain issues presented by the pleadings were submitted to the jury, who returned a special verdict thereon in favor of plaintiffs and against defendant J. W. Williamson. The court adopted the special verdict of the jury, and made findings of fact in harmony with and responsive to the special verdict or findings returned by the jury, and made findings of fact on certain issues that were not submitted to the jury.

The court's findings of fact and conclusions of law, so far as material in determining the questions presented by the appeal, are as follows:

"Findings of Fact.

"(1) On the 25th day of February, 1911, plaintiffs bought from defendants J. W. Williamson and Juel Moody a jackass, called 'Utah,' and paid therefor the sum of $1,800, in 18 notes of $100 each, two of which were signed severally by each of the plaintiffs, except the plaintiff D. N. Murdock. (2) That said two defendants warranted the said jackass to be an imported registered jack, and to be a reasonable sure foal getter, and that, in case he were not such, said defendants would replace him with another jack of the value of $2,000, or refund the said purchase price. (3) That said jack, if as warranted, would be of the value of $2,000, but if not as warranted, would

be of no value. (4) That said jack was not as warranted, and was of no value, and he was not replaced as agreed or otherwise, neither was the purchase money refunded, except that another jack of little value was furnished for a time, at an expense to the plaintiffs of freight of $15. (5) That the expense reasonably and necessarily incurred by the plaintiffs in the care and keep of said jack, 'Utah,' up to the time of this trial, has been and is the sum of $900. (6) That due notice was given by the plaintiffs of said breach of warranty. (7) That said notes were negotiable in form, and all payable to J. W. Wiliamson or order. * * * (8) That the defendant Milton Moody has produced in court seven of said notes described as follows (describing in detail each note). * * * (9) Seven other of said notes were, shortly after the date thereof, turned over to the defendants Juel Moody and Milton Moody, five of which have been paid by some of the plaintiffs, and two of which are outstanding, apparent liabilities of the makers thereof. (10) Four other of said 18 notes are outstanding and apparent liabilities of some of said plaintiffs, the signers thereof. (11) None of the defendants is or was the holder in due course of any of said notes. (12) That plaintiffs have been damaged by reason of the said breach of warranty in the sum of $915.60 for the keep of the jack, 'Utah,' and the freight paid on the second jack, and have been further damaged in the sum of $1,800, with interest thereon from February 25, 1911, at 7 per cent. per annum, less the amount of the seven notes, Exhibits 9 to 15 inclusive, produced in court and held for cancellation.

''Conclusions of Law.

''From the foregoing facts the court concludes: (1) That the plaintiffs are entitled to a rescission of said contract of purchase and sale of said jack, 'Utah.' (2) That defendants are entitled to have delivered to them the said jack, 'Utah,' upon payment of the judgment herein, and upon paying to plaintiffs the further amount of the reasonable cost of keeping said jack from the 5th day of March, 1915. (3) That plaintiffs are entitled to judgment against J. W. Williamson and Juel Moody for the sum of $1,410, with interest thereon from this

date at the rate of 7 per cent. per annum, and the further sum of $915.60, with interest thereon from this date at the rate of 8 per cent. per annum, together with the costs of this suit. (4) That plaintiffs are entitled to judgment against defendant Milton Moody for a delivery up and cancellation of the seven notes above described and marked Exhibits to 15, inclusive, and for the sum of $897, with interest at 7 per cent. per annum from this date, together with the costs of this suit; said money judgment against Milton Moody, when paid, to operate as a satisfaction pro tanto of the above-mentioned money judgment against J. W. Williamson and Juel Moody.

"Dated this 26th day of March, A. D. 1915."

Each of the defendants filed a motion for a new trial alleging therein that the motion was made "in his own behalf, and not in behalf of the other defendants or either of them." One of the grounds upon which the motions filed by the defendants Milton Moody and Juel Moody were based is "that the decision and judgment is against law." These motions were filed March 30, 1915.

On April 30, 1915, the court, on motion of counsel for plaintiffs, struck the motions made by Juel Moody and Milton Moody for a new trial, on the ground, as stated by the court in ruling on the motion to strike, that "the motion of Juel Moody has not been served on Milton Moody, and the motion of Milton Moody has not been served on Juel Moody, and neither motion purports to have been served on the defendant J. W. Williamson, or counsel for him."

McCARTY, J. (after stating the facts as above).

We are confronted at the threshold of this appeal with a motion to strike the bill of exceptions. The ground alleged is that the "time had expired within which to serve bill of exceptions when the same was served."

Judgment was rendered March 26, 1915. On March 30, Milton and Juel Moody filed their motions for a new trial, which were stricken April 30, 1915. It is, in effect, conceded that if the filing of these motions tolled the time for preparing, filing, and serving the bill of exceptions, the subsequent

orders of the court granting additional time in which to file and serve bill of exceptions were timely, and that the order allowing and settling the bill of exceptions on September 1, 1915, as disclosed by the record, was regular and proper and that the motion to strike should be denied. Counsel for respondents contend that, as each of the appellants Juel and Milton Moody failed to serve his codefendants with notice of his intention to move for a new trial, the court was without jurisdiction to hear and determine the motions on their merits.

The purpose of the statute requiring a party intending to move for a new trial to ''serve upon the adverse party a notice of his intention'' in that regard evidently is to give such adverse party an opportunity to appear and resist the motion, or take such action in relation thereto as he may deem proper. In the case at bar the defendants were in precisely the same situation respecting the means and opportunities of exercising and protecting their rights in the premises as they would have been if they had joined in the filing of one motion, or one of them only had filed a motion and served each of his codefendants with notice thereof. It is not claimed, nor can it be successfully urged, that plaintiffs, or either of them, were in any sense, directly, remotely, or otherwise, prejudiced because defendant did not serve his codefendants with notice of his intention to move for a new trial.

. The defendants joined in preparing the bill of exceptions and in serving it on the plaintiffs, and also joined in the appeal, and hence are properly before the court. The service, therefore, of notice by each defendant on his codefendants of his intention to move for a new trial would have been of no service or benefit whatever to either of them or to the plaintiffs, and hence it would have been a vain and useless act to make such service. This the law neither requires nor contemplates. Section 3294, Comp. Laws 1907, requiring a party intending to move for a new trial to serve upon the adverse party notice of such intention, is taken, substantially, from the statutes of California (Cal. Code Civ. P. section 659), and the Supreme Court of that state, in *Barn-*

*hart* v. *Fulkerth et al.,* 92 Cal. 155, 28 Pac. 221, held, and we think correctly, that a failure to serve an adverse party with notice of intention to move for a new trial may be a reason for denying the motion and for affirming such order on appeal, but it does not constitute a reason for the dismissal of the appeal upon the ground that the court has not acquired jurisdiction to hear it.    This doctrine is reaffirmed by the California court in *Re Ryer,* 110 Cal. 556, 42 Pac. 1082 and *Johnson* v. *Phoenix Ins. Co.,* 146 Cal. 571, 80 Pac. 719.    In the California cases the motions were to dismiss the appeal.

· In this case, as stated, the motion is to strike the bill of exceptions.    The principle involved, however, is the same.    The striking of the motions by the trial court was tantamount to denying the same.    The time, therefore, for filing and serving the bill of exceptions commenced to run from the time the order was made striking the motions.

The motion to strike the bill of exceptions is, for the reasons stated, denied.

In the assignments of error appellants assail the judgment on the ground that it is not sustained by the evidence.    The evidence taken at the trial consists of about 220 pages of typewritten matter.    We shall not attempt to set forth the evidence even in a condensed form.    To do so would subserve no good purpose.    We have examined the evidence with care, as the same appears in the bill of exceptions, and are clearly of the opinion that there is ample evidence to support the judgment. We are, however, of the opinion that the portion of the court's fourth conclusion of law, wherein it is held "that plaintiffs are entitled to judgment against Milton Moody   *   *   *   for the sum of $879," and the part of the decree based thereon, cannot be upheld.    Neither the jury by their special verdict nor the court in its decision found any fact or facts that in any sense tend to support a judgment against Milton Moody for $879, or for any other sum of money, except for costs. By referring to the findings of fact set forth in the foregoing statement of the case it will be observed that they negative rather than support an inference or conclusion that plaintiffs,

or any of them, are entitled to a money judgment against Milton Moody.

The cause is remanded with directions to the trial court to modify the conclusions of law and the decree by eliminating therefrom the $879, constituting the money judgment against Milton Moody. In all other respects the judgment is affirmed. Plaintiffs to recover costs.

FRICK, C. J., and CORFMAN, THURMAN and GIDEON, JJ., concur.