[Civ. No. 7085. First Appellate District, Division One.—October 23, 1929.]

F. L. W. MacDONALD, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Raymond Perry for Petitioner.

J. A. Mueller for Respondents.

TYLER, P. J.—*Certiorari* to review the action of the Superior Court in dismissing an appeal taken from a judgment rendered in the Justice's Court.

In substance the petition recites that on the twenty-eighth day of July, 1928, the Golden West Credit and Adjustment Company, a corporation, commenced an action in the Justice's Court of the City and County of San Francisco, against J. D. Small and F. L. W. MacDonald, individually and as copartners doing business under the firm name of Mac-Donald & Company, and Arthur A. Goepp and F. J. Fuller, individually and as copartners doing business under the name of Fuller & Goepp. Defendants Small, MacDonald and Goepp appeared separately *in propria persona* and filed their respective denials. Trial was had and judgment was rendered against MacDonald in favor of plaintiff and all other defendants. MacDonald filed his notice of appeal from the judgment and served the same upon the attorney for plaintiff. Motion to dismiss the appeal was filed, upon the ground that the court had no jurisdiction to hear and determine the same for the reason that no notice of the appeal was ever served upon the defendants in whose favor judgment was rendered, it being claimed that they were adverse parties by reason of the character of the judgment rendered and should, therefore, have been served.

The statute requires that notice of appeal must be served upon the adverse party and compliance therewith is necessary to the jurisdiction of the appellate court except in certain special cases, of which this is not one.

Broadly stated, an "adverse party" within the meaning of the provisions of the Code of Civil Procedure is defined to be a party to the record whose interest in the subject matter of an appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken, and this, irrespective of the question of whether he appears upon the face of the record in the attitude of plaintiff, or defendant, or intervener. (*Fearon* v. *Fodera,* 169 Cal. 370 [Ann. Cas. 1916D, 312, 148 Pac. 200]; *Bowering* v. *Adams,* 126 Cal. 653 [59 Pac. 134]; 2 Cal. Jur., p. 334.) He is one whose interest in relation to the subject of the appeal is in conflict with a reversal of the order or decree appealed from, or a modification thereof. (*Mannix* v. *Tryon,* 152 Cal. 31 [91 Pac. 994].) The question is whether the judgment gives a party something which will be taken away by a reversal. If it does so, he is an adverse party. (*Johnson* v. *Phenix Ins. Co.,* 146 Cal. 571 [80 Pac. 719].) ■ A nonappealing coparty is an adverse party if his interest may be affected by a reversal or modification of the judgment appealed from. ■ So here, the co-defendants are adverse parties for the reasons given. They were successful in the Justice's Court and a different judgment might take away the fruits of their judgment. If the appeal were properly perfected they would be required to appear and prepare their defense, as the hearing in the Superior Court would be a trial *de novo,* and might result in an entirely different judgment. (*Terry* v. *Superior Court,* 110 Cal. 85 [42 Pac. 464]; *Ford & Sanborn Co.* v. *Braslan Seed Growers' Co.,* 10 Cal. App. 762 [103 Pac. 946].) Counsel for petitioner has cited us to *Jackson* v. *Brown,* 82 Cal. 275 [23 Pac. 142], *Randall* v. *Hunter,* 69 Cal. 80 [10 Pac. 130], and other cases, as opposing this rule. An examination of these cases will show that the co-defendants had defaulted or consented to the judgment rendered against them, or the action as to them had been dismissed. Under such circumstances they were not adverse parties, as they could not possibly be affected by a reversal of the judgment. ■ A defendant against whom a default is entered is not an adverse party to an appeal from a judgment against other defendants, which cannot affect his interests. (*Fearon* v. *Fodera, supra.*) A default suffered on the part of a defendant is an admission

and a reversal would not do away with such default, and as long as it stands any judgment rendered on appeal would not affect the judgment against such defaulting defendant. (*Randall* v. *Hunter, supra.*) Section 650 of the Code of Civil Procedure in express terms provides that no notice of appeal need be served upon any party whose default has been duly entered, or who has not appeared in the action or proceeding.

Petitioner's co-defendants having an interest in relation to the subject of the appeal should have been served with notice of the appeal. Not having been served, the Superior Court was without jurisdiction to hear the appeal.

The writ is denied.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 22, 1929, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 19, 1929.

Richards, J., and Preston, J., dissented.