[Sac. No. 4940. In Bank.—August 23, 1935.]

E. C. BENNETT, Plaintiff, v. UKIAH FAIR ASSOCIATION (a Corporation) et al., Defendants.

UKIAH FAIR ASSOCIATION (a Corporation), Cross-complainant and Appellant, v. E. P. THURSTON et al., Cross-Defendants and Respondents.

 

Keith C. Eversole, W. H. Brunner and J. E. Pemberton for Appellant.

H. L. Preston and Taft & Spurr for Respondents.

WASTE, C. J.—Motions to dismiss.

Plaintiff, the holder of a mortgage on certain real property owned by the Ukiah Fair Association, appellant here, which property was also subject to a prior deed of trust, commenced this action to require the trustees, who were then proceeding to sell under the deed of trust, to impound and hold for his benefit any and all funds received in excess of the amount required to discharge the prior trust deed indebtedness. The association, as owner of the property, filed a cross-complaint, naming as cross-defendants the trustees, respondents here, wherein it requested a declaration of rights under the deed of trust and a decree restraining any sale of the property by such trustees upon the grounds they had not been properly substituted as trustees, and that they had improperly instituted proceedings to sell within ninety days after the publication of the notice of default and election to sell and that any sale by such trustees would therefore be invalid and place a cloud upon its title. The trustees interposed a general demurrer to the cross-complaint which was sustained. Upon refusal of the cross-complainant to amend, judgment of default was entered against it on the cross-complaint. Thereafter the trustees proceeded with the sale under the trust deed and plaintiff, as holder of the subsequent mortgage, bought in the property.

The trustees, as respondents, move to dismiss the cross-complainant's appeal from the judgment on the cross-complaint upon several grounds, some of which, in effect, overlap.

Simplified, it is requested that the appeal be dismissed because an asserted adverse party (the plaintiff-mortgagor) was not named or served as a respondent, that the transcript is incomplete and that by reason of the sale by the trustees the issues have become moot. The plaintiff, and omitted "adverse" party has also filed a motion to dismiss, urging the same grounds.

We are satisfied that the plaintiff is an "adverse party" within the meaning of our decisions. In *Johnson* v. *Phenix Ins. Co.*, 146 Cal. 571, 575 [80 Pac. 719], an "adverse party" is defined as "one 'whose rights may be affected by a reversal of the judgment. . . . Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment 'or order from which the appeal has been taken, is, we think, an "adverse party", . . . irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff or defendant or intervener'; . . . The question is whether the judgment gives . . . something which will be taken away by a reversal." *MacDonald* v. *Superior Court*, 101 Cal. App. 423, 425 [281 Pac. 672], is to the same effect.

In our opinion, the rights of the plaintiff in this cause will be "affected by a reversal of the judgment" whether he be regarded merely as a subsequent encumbrancer seeking a share of the proceeds of the sale under the prior trust deed, or as the purchaser at the trustees' sale. In either capacity, his rights are dependent upon such trustees' sale and any attempt by way of cross-complaint, or otherwise, to preclude such sale or to have it declared invalid, would have a material bearing upon such rights. In other words, he has a direct and immediate interest in the subject-matter of the appeal that would be affected by a reversal of the judgment. He is, therefore an "adverse party" upon this appeal. However, the transcript having been filed within time, it is not fatal to the appeal that plaintiff was not first served therewith. Particularly is this true, when it is considered that no longer is it essential to serve the respondent with the notice of appeal. Moreover, appellant apparently intends to confine the issues upon the appeal to those presented by the cross-action.

If, as the movants contend, it should subsequently appear that the transcript in its present form is incomplete because of its failure to include the original pleadings in the cause, as distinguished from the pleadings in the cross-action, the matter may readily be adjusted by proceedings on suggestion of diminution of the record. The clerk of the lower court has certified that the papers included in the transcript constitute the judgment roll in the cross-action.

We are not prepared to now declare that the consummation of the sale by the trustees has foreclosed and rendered moot all of the issues presented by the cross-action or the appeal from the judgment therein entered.

A further ground, common to both motions, to the effect that the appeal lacks merit, may more properly be presented upon motion to affirm, if deemed advisable, following the filing of the appellant's opening brief.

The motions are, and each is, hereby denied.

Langdon, J., Seawell, J., Curtis, J., and Shenk, J., concurred.