[Civ. No. 3355. Second Appellate District, Division One.—October 26, 1920.]

## PATRICK FARRELL, Appellant, v. CITY OF ONTARIO (a Municipal Corporation), Respondent.

[1] NEW TRIAL—NOTICE OF INTENTION—SERVICE ON CODEFENDANTS—WHEN UNNECESSARY.—Where, at the time proceedings to obtain a new trial are instituted by the defendant against whom judgment was rendered, its codefendants' rights cannot be affected by any order made either granting or refusing the motion for a new trial, service of notice of intention to move for a new trial upon such codefendants is not necessary.

[2] ID.—ORDER GRANTING — INSUFFICIENCY OF EVIDENCE — ABUSE OF DISCRETION—APPEAL.—An order granting a new trial on the ground of insufficiency of the evidence to justify the verdict will not be reversed on appeal, unless it appears that there has been an abuse of that discretionary power of the trial court to which the motion for a new trial was addressed.

[3] INJUNCTION—EXISTENCE OF DITCH AND CANAL FOR FIVE YEARS WITHOUT OBJECTION—NATURAL FLOW OF WATER NOT CHANGED—EVIDENCE — FINDINGS — JUDGMENT.—In this action for damages and for an injunction to prevent the defendant from maintaining a certain ditch or waterway, through or by means of which it was alleged storm waters were wrongfully and without right diverted upon plaintiff's land to his damage, in the manner then existing, and from permitting any water to be discharged from said canal upon any lands from whence such water would flow upon plaintiff's land, the court having found, upon evidence that was legally sufficient, that the canal and ditch in question had been constructed by the defendant more than five years prior to the commencement of the action, and after their construction had been improved and maintained openly, with full knowledge on the part of the plaintiff and without objection by him, and, further, that the acts of the defendant had not changed the place where storm or surface waters would naturally flow upon plaintiff's land, or increased the rush of waters thereon, or the quantity of water discharged thereon, those facts justified the decision denying an injunction.

APPEAL from an order of the Superior Court of San Bernardino County granting a new trial and from a judgment denying an injunction. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph Scott, A. S. Maloney and A. G. Ritter for Appellant.

Benjamin F. Warmer, R. S. Parker and E. H. Jolliffe for Respondent.

CONREY, P. J.—By the complaint in this action the city of Ontario was charged with having constructed and maintained a ditch or waterway through and by means of which it wrongfully and without right diverted storm waters upon plaintiff's land, to his damage in the sum of $10,000. In addition to the allegations upon which recovery of damages was sought, facts were alleged upon which plaintiff asked that the city of Ontario be perpetually enjoined from maintaining said canal, waterway, and connections in the manner then existing, and from permitting any water to be discharged from said canal upon any lands from whence such water will flow upon plaintiff's land.

Alleging that E. W. Churchill, Harvey Churchill, C. C. Groff, and F. W. Bauer co-operated with the city of Ontario in the doing of the wrongful acts complained of, they were made parties in the action for the recovery of damages only. The action was dismissed as to F. W. Bauer and a judgment of nonsuit granted as to Harvey Churchill.

The case was tried before a jury which, on February 14, 1917, returned its general verdict in favor of the plaintiff as against the defendant city alone in the sum of $2,500, no reference therein being made to defendants E. W. Churchill and C. C. Groff; and at the same time the jury returned therewith its special verdict in answer to certain interrogatories submitted by the court. No objection was made by any of the parties on account of the irregularity in the verdict in omitting any reference to defendants Churchill and Groff. Thereupon the clerk, of his own motion, on the fifteenth day of February, 1917, entered judgment for the plaintiff and against the city of Ontario on the general verdict. Within ten days thereafter said defendant served and filed its notice of intention to move for a new trial, and notice of motion for a judgment for defendant on the special findings of fact, under section 663 of the Code of Civil Procedure, subdivision 2. Said motions were argued and taken under submission by the court,

which thereafter, on July 11, 1917, without ruling upon either of the motions, ordered findings and judgment for the defendant. Plaintiff appealed from the judgment entered, pursuant to that order, on April 6, 1918 (which judgment was that the plaintiff take nothing, and that the defendant city of Ontario have judgment against the plaintiff for costs), and upon a hearing thereof the judgment was by this court reversed and the cause remanded to the superior court, with directions to enter judgment in accordance with the general verdict upon the issue as to damages, and to make such findings of fact as it might deem appropriate upon the evidence as to the equitable issues, and render judgment accordingly. (*Farrell* v. *City of Ontario,* 39 Cal. App. 351, [178 Pac. 740].) In its decision this court held that at the time when the clerk made his first entry of judgment he was without authority to enter judgment; that the judgment so entered was premature and of no effect; that, therefore, the motion for new trial was premature and of no effect. It was further noted in that decision that the plaintiff conceded the correctness of the judgment as to the defendants other than the city of Ontario. Upon going down of the *remittitur,* the court, on the ninth day of June, 1919, entered judgment against the defendant city of Ontario for the sum of $2,500 damages, and costs in the sum of $569.70, in accordance with the general verdict of the jury, and upon stipulation of the attorneys that, without further evidence taken, it should make findings as to the equitable issues, made findings upon which it denied to plaintiff the injunction prayed for.

Thereafter in due time the defendant city of Ontario, pursuant to its notice of intention so to do, moved the court for a new trial as to the judgment so rendered against it for damages, upon the ground, among others, that the evidence was insufficient to justify the verdict, which motion was by the court granted and from which order so granting defendant's motion for a new trial plaintiff has appealed.

[1] Appellant contends that the court below was without jurisdiction to grant the motion for a new trial, because the defendant city did not serve upon its codefendants, E. W. Churchill, Harvey Churchill, and C. C. Groff, any notice of its intention to move for a new trial. The necessity

for such service of notice is governed by the actual, and not by the merely nominal, relations of the parties. The notice of intention must be "served upon the adverse party." (Code Civ. Proc., sec. 659.) Were the Churchills and Groff parties adverse to defendant city, at the time when the proceeding to obtain a new trial was instituted —that is, were they persons whose rights could be affected by any order made either granting or refusing the city's motion for a new trial? We think not. The plaintiff on its former appeal had conceded the finality of the judgment. of April 6, 1918, so far as those defendants were concerned. This court's order of reversal of that judgment, construed in the light of that concession and its acceptance by this court, was a reversal of the judgment only as between the plaintiff and the defendant city. This is consistent with the further order which this court then made, directing that the superior court "enter judgment in accordance with the general verdict upon the issues as to damages." That verdict being confined, in its terms and effect, to the plaintiff and the defendant city, the direction thus given was similarly limited. The action then remained pending only as an action between the plaintiff and the defendant city. Understood in the plain light of these facts, the judgment entered after *remittitur* sent down on the former appeal, was a judgment affecting the rights of no defendant except the city. The only legally possible object of defendant city's motion for a new trial, and the only effect of the order granting the motion, was to set aside the judgment awarding damages and obtain a retrial of the issues pertaining to the claim for damages, between the parties as to whom a new judgment had been entered pursuant to the order made by this court; that is to say, between the plaintiff and the city. We conclude that service of the notice on said former defendants was not necessary, and the court had jurisdiction to hear and determine the motion.

The form of the notice of intention to move for a new trial (we refer to the amended notice), while not written in the customary terms, is sufficient, and the grounds specified were, in part, those designated by the code. (Code Civ. Proc., sec. 657.) One of these was insufficiency of the evidence to justify the verdict; and another, that the dam-

ages awarded were excessive. The motion, as presented in accordance with the notice of intention, was limited to the law side of the case; it was that the court "set aside the verdicts and the judgment in the above-entitled cause and grant a new trial therein as to the issues at law and in said action for damages." There was conflicting evidence bearing upon the facts at issue, both as to the cause and the extent of the alleged injuries to the plaintiff's property. [2] An order granting a new trial on the ground of insufficiency of the evidence to justify the verdict will not be reversed, unless it appears that there has been an abuse of that discretionary power of the court, to which the motion was addressed. In this case, it cannot be said that the lower court did not have some reasonable ground for its decision that the motion should be granted.

[3] There is also an appeal by the plaintiff from that part of the judgment whereby the plaintiff's prayer for an injunction was denied. In support of this appeal, it is claimed that the pleadings and findings do not support the judgment. Attention is directed to the allegations contained in paragraph XII of the amended complaint, which appellant says were not denied. Referring to the same condition of the pleadings, this court said, in deciding the former appeal: "Appellant contends that the allegations of the complaint upon which the prayer for equitable relief is directly predicated are admitted by the failure to deny them in the answer. This is true with respect to the allegations of the probability of future injuries. The other allegations so referred to by appellant, while not categorically denied, are sufficiently traversed by affirmative allegations in the answer inconsistent therewith." Among the facts so alleged in the answer, it was set out therein that the said canal and ditch had been constructed by the city more than five years prior to the commencement of this action, and after their construction had been improved and maintained openly, with full knowledge on the part of the plaintiff and without objection by him. This the court found to be true. The court found, further, that the acts of the defendant had not changed the place where storm and surface waters would naturally flow upon plaintiff's land, or increased the rush of waters thereon, or the quantity of water discharged thereon. These were issues of

fact, upon which there was evidence legally sufficient to sustain the court's determination thereof. The facts as thus determined fully justify the decision made thereon, that the plaintiff was not entitled to the injunctive relief claimed by him.

The order granting a new trial of the issues at law is affirmed. The judgment denying an injunction is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1920.

All the Justices concurred.