[Civ. No. 4250. First Appellate District, Division Two.—July 26, 1922.]

A. D. HARPOLD, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] JUSTICE'S COURT APPEAL — MOTION FOR DISMISSAL—EFFECT OF—NONWAIVER OF OTHER GROUNDS.—A defendant by moving for the dismissal of a justice's court appeal on the ground that the notice of appeal was not served upon his codefendant does not waive other grounds for dismissal.

[2] ID.—SERVICE OF NOTICE OF APPEAL—JURISDICTION.—Due service of a notice of appeal is jurisdictional and such jurisdiction cannot be conferred nor divested by the stipulation of the parties.

PROCEEDING on application for a Writ of Mandate to compel the Superior Court to hear and determine a Justice's Court appeal. Writ denied.

The facts are stated in the opinion of the court.

Clifford S. Good and Jeff L. Maloy for Petitioner.

Faulkner & Faulkner for Respondents.

STURTEVANT, J.—This is an original application to this court praying for a writ of mandate directing the respondent court to take jurisdiction of and hear a certain case on appeal from the justice's court.

Heretofore Laura E. Mathis commenced an action in the justice's court against the petitioner and another. Thereafter such proceedings were had that on the fifth day of August, 1921, judgment was rendered against the defendants in that action; thereafter the petitioner prepared a notice of appeal purporting to appeal from said judgment, and in his petition in this case he alleges that he filed the notice of appeal and that he has annexed a copy of the notice to his petition; such a paper appears as an exhibit, and there is nothing in the record showing that the same was served on anybody or at all. In his petition the petitioner avers that he filed in the justice's court an undertaking on appeal, and that the same is attached to the petition. It is further alleged that the papers on appeal were thereafter transferred to the clerk of the superior court and that the proceeding was assigned to Department Nine of the superior court; that Honorable Frank H. Dunne is the judge presiding in said department of said court; that on the twelfth day of November, 1921, the plaintiff Mathis appeared in the superior court and moved to dismiss the appeal; that thereafter, March 10, 1922, the appeal was dismissed. Although the fact that the record does not show service of the notice of appeal was suggested in respondents' brief, served April 4, 1922, no showing has been made that the notice of appeal was, in fact, duly served. [1] This petitioner contends that in dismissing the appeal the superior court improperly divested itself of jurisdiction. To this contention the respondent replies that the superior court never acquired jurisdiction because the notice of appeal was never served. To that reply this petitioner calls attention to the fact that when the plaintiff Mathis moved to dismiss the appeal she based her motion on the ground that the notice of appeal was not served upon petitioner's codefendant, T. T. Quinn, and that by

so framing her notice of motion she waived all other grounds. **[2]** To this last contention the respondent replies that the due service of a notice of appeal is jurisdictional and that jurisdiction cannot be conferred nor divested by the stipulation of the parties. With this latter contention we agree with the respondent. The petitioner in this proceeding is seeking an order against a court and a judge thereof. He is entitled only to such writs as will operate ''to compel the performance of an act which the law *specially enjoins,* as a duty resulting from an office . . . ''. (Code Civ. Proc., sec. 1085.) But there is no duty on the part of the respondent court, nor is there any power resting in the respondent court, to take jurisdiction of, or to hear an appeal, except as the statute provides, and the statute governing the subject expressly provides that ''the appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party.'' (Code Civ. Proc., sec. 974.) That language is almost identical with the wording of section 940 as that section stood as amended in 1873. ''An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney.'' When that statute stood in that form it was adjudged that the service of the notice of appeal was jurisdictional. (*Pedlar* v. *Stroud,* 116 Cal. 461 [48 Pac. 371].) It is a rule of general application that when an appellate court has not obtained jurisdiction of an alleged appeal, such court will dismiss such purported appeals of its own motion. (4 C. J. 589, sec. 2402.) Whether jurisdiction has attached is determined by an inspection of the record. (4 C. J. 601.) When, on March 10, 1922, the respondent court ordered the appeal dismissed, it is presumed that the respondent court was acting within its jurisdiction and was acting regularly. There is nothing in the record indicating anything to the contrary.

For these reasons the application for a writ of mandate should be denied. The alternative writ heretofore granted is discharged and a peremptory writ is denied.

Langdon, P. J., and Nourse, J., concurred.