[Crim. No. 1135.  Third Appellate District.—August 27, 1930.]

In the Matter of the Application of JEROME MERWIN for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Ernest Spagnoli and Walter F. Lynch for Respondent.

FINCH, P. J.—The petitioner was charged with the crime of murder. He entered pleas of "not guilty" and "not guilty by reason of insanity." At the hearing on the first of these pleas the jury returned a verdict of guilty of murder of the second degree. At the subsequent hearing on the second plea the jury returned a verdict of not guilty by reason of insanity. The petitioner was thereupon committed by the court to the state hospital for the insane at Talmage. After having been confined in that hospital for more than a year, he applied to the trial court for a writ of *habeas corpus*, alleging that he was then sane, and, upon a hearing duly had, the court made an order discharging him from such confinement. The people thereupon gave notice of appeal from the order. Section 1506 of the Penal Code provides:

"An appeal may be taken to the District Court of Appeal by the People from a final order of a superior court made upon the return of a writ of *habeas corpus* discharging a defendant after his conviction, in all criminal cases prosecuted by indictment or information in a court of record, excepting criminal cases where judgment of death has been rendered, and in such cases to the Supreme Court."

The first question which naturally arises is whether the people are given a right of appeal in cases such as this. The answer to this question depends upon whether the petitioner has been convicted of a crime. Section 26 of the Penal Code provides:

"All persons are capable of committing crimes except those belonging to the following classes: . . . Three—Lunatics and insane persons."

Section 1016 provides:

"There are five kinds of pleas to an indictment or information:

"1. Guilty.

"2. Not guilty. . . .

"5. Not guilty by reason of insanity."

▆ It would require a peculiar process of reasoning to reach the conclusion that a defendant who was finally found not guilty by reason of insanity of a kind which rendered him incapable of committing the crime with which he was charged was nevertheless convicted of that crime. It would

be paradoxical to hold that the petitioner stands convicted and acquitted of such crime. There is a well-recognized inconsistency, when read literally, between the provisions of section 1026 of the Penal Code, which permit a jury to find a defendant guilty at the hearing on his plea of not guilty and not guilty on the subsequent hearing on his plea of not guilty by reason of insanity, but it seems clear from a consideration of all the provisions of that section that such a verdict of guilty is conditional upon the subsequent finding of the jury as to whether or not the defendant was insane at the time he committed the act charged. This interpretation is clearly stated in *People* v. *Lamey,* 103 Cal. App. 66 [283 Pac. 848], as follows:

"In this case, under the plea of not guilty, the effect of the verdict . . . was that the defendant had committed the acts which, if committed by a sane person, would make him guilty of the alleged crime. For the purposes of that verdict he was presumed to be sane, but, under his plea of not guilty by reason of insanity, the question of his status and responsibility as a criminal remained open and undetermined. That he was a criminal and subject to punishment was not yet established. Under the second plea, that issue was to be tried separately, but it was all in the same case. The second verdict, equally with the first, was necessary before a judgment of conviction could be rendered."

The cause presented by the information and the defendant's plea thereto was "a single cause and the trial thereof a single trial." (*People* v. *Leong Fook,* 206 Cal. 64, 70 [273 Pac. 779, 782].) "The trial had by the defendant, under the present law, amounted to one trial, and no more." (*People* v. *Troche,* 206 Cal. 35, 48 [273 Pac. 767].) The finding of the jury that the defendant was not guilty by reason of insanity was the final determination of the jury, which made it impossible for the court to render a judgment of conviction. There appears to be no logical basis for holding that the petitioner herein was convicted, within the meaning of section 1506, and there is no contention that the people have a right to appeal in proceedings on *habeas corpus* except as provided by that section.

The appeal is dismissed.

Thompson (R. L.), J., and Plummer, J., concurred.