[Crim. No. 1183. Third Appellate District.—December 29, 1931.]

In the Matter of the Application of WARREN R. DUTTON for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, Matthew Brady, District Attorney (San Francisco), and William H. Murphy, Deputy District Attorney, for Appellant.

Hale McCowen, Jr., for Respondent.

PLUMMER, J.—This cause is before us upon motion of petitioner to dismiss the appeal attempted to be taken by the People from an order made and entered in the superior court discharging the petitioner from the custody of the officers of the Mendocino State Hospital.

The record shows that the petitioner, after having been arraigned and tried on a charge of murder, was found not guilty by reason of insanity, the verdict returned on the twenty-eighth day of August, 1930. Thereupon, the petitioner was, by the trial court, committed to the state hospital at Napa for the insane, to be held there as an insane person, pursuant to the provisions of section 1026 of the Penal Code, this order being made on the ground that the petitioner had not at the time of the trial recovered his sanity. Thereafter, and after being committed to the state hospital at Napa, the petitioner was transferred to the Mendocino State Hospital for the Insane. After the expiration of one year from the date of his commitment, the petitioner herein applied to the Superior Court of Mendocino County for release from said state hospital on the grounds that he had recovered his sanity. The application was in the form of a petition for a writ of *habeas corpus*. A writ was issued following the filing of the petition just referred to, hearing had, and an order made discharging the petitioner. From this order the People gave notice of an appeal. As stated, the cause is before us upon motion to dismiss such appeal.

It is admitted by both appellant and petitioner that if the proceeding referred to was in fact a proceeding by way of *habeas corpus*, no appeal lies. The only provision allowing an appeal in criminal cases, from an order granting a writ of *habeas corpus*, is found in section 1506 of the Penal Code. That this section does not apply in cases of

this character is definitely decided in the case of *In re Merwin*, 108 Cal. App. 31 [290 Pac. 1076].

On the part of the appellant it is contended that *habeas corpus* does not lie under the provisions of sections 1026 and 1026a of the Penal Code, to inquire into the sanity of a person confined in a state hospital for the insane, after acquittal of a criminal charge on the grounds of insanity. It is further insisted that the naming of the petition as one for a writ of *habeas corpus*, and that calling the proceedings a hearing in the nature of *habeas corpus* does not make it such, and that by whatever name known, it is simply a special proceeding, and that the sanity of the petitioner can only be inquired into in the same form and manner as provided by the Political Code for determining the sanity of persons alleged to be insane. In support of this contention the people cite the case of *State* v. *Superior Court*, 159 Wash. 335 [73 A. L. R. 555, 293 Pac. 986], where it was held by the Supreme Court of Washington, under code provisions somewhat similar, that *habeas corpus* would not lie. An examination of that case discloses however, that the code provisions relative to the commitment of persons found not guilty by reason of insanity, specify the procedure that shall be followed by anyone seeking release from an asylum, on the alleged grounds of recovery of sanity. The holding of the court is that the procedure set forth is exclusive. In a number of cases cited in the annotations appended to the case as reported in 73 American Law Reports, *supra*, it is held that where the statute points out the procedure, such procedure is exclusive. In a few of the cases it is held that the procedure is cumulative, and that the remedy by *habeas corpus* still exists. In the case of *State* v. *Superior Court, supra,* the matter was before the court upon a petition for writ of prohibition to prevent the superior court from hearing an application of the petitioner involved in that action, for a writ of *habeas corpus*. The writ of prohibition was granted.

Notwithstanding the very respectable authorities and persuasive reasoning to the effect that *habeas corpus* will not lie, and that the legislature intended by the language of sections 1026 and 1026a of the Penal Code, that the procedure to determine the recovery of the sanity of one who had been committed to an asylum after acquittal, on

the grounds of insanity, should be in the nature of a special proceeding, following as near as may be, the sections of the Political Code (sec. 2168 et seq.) in proceedings to determine the mental condition of one alleged to be insane, by reason of the manner in which this cause is brought before us, we are precluded from expressing any opinion that would be other than mere *obiter*. The appeal in this case was taken by the People strictly in accordance with section 1241 of the Penal Code, and not in accordance with the provisions of section 940 of the Code of Civil Procedure, which fails to give this court any jurisdiction. In other words, if the proceeding had in the trial court was in substance and in fact a *habeas corpus* proceeding, no appeal lies. On the other hand, if in the nature of a civil proceeding, then no appeal has been taken such as to give this court jurisdiction. Again, if a civil proceeding, it is questionable whether any appeal lies under the wording of section 963 of the Code of Civil Procedure. The only language therein upon which reliance could be placed is found in subdivision 2 of said section reading as follows: ''From any special order made after final judgment.''

In *Lake* v. *Harris*, 198 Cal. 85 [243 Pac. 417], it is held that for a special order made after final judgment to be appealable the order must in some way bear some relation to the judgment or affect the judgment either by enforcing it or staying its execution.

While the motion for dismissal does not cover all the grounds considered herein, nevertheless as held in *Harpold* v. *Superior Court,* 58 Cal. App. 629 [209 Pac. 219], if the record shows that no jurisdiction exists to hear the appeal, it must be dismissed.

It necessarily follows from what has been said that the appeal herein should be dismissed. And it is so ordered.

Preston, P. J., and Thompson (R. L.), J., concurred.