[Civ. No. 1118.   Fourth Appellate District.—April 2, 1934.]

## JOHN B. MOLENAAR, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

John B. Molenaar, *in pro. per.*, for Petitioner.

644

Claude M. Shell for Respondents.

BARNARD, P. J.—This is an application for a writ of prohibition seeking to prevent the respondent court from proceeding to hear and determine an appeal from a justice's court.

The petitioner brought an action in a justice court against Harry J. Tilton and Isabel B. Antrim Tilton, who at that time were husband and wife, to recover for professional services alleged to have been performed at the request of each of the defendants. Both defendants were served with summons and through an attorney filed a joint answer in the form of a general denial. On December 18, 1933, a judgment was entered in favor of the plaintiff and against the defendant Isabel B. Antrim Tilton for $200, the judgment providing "that the plaintiff herein take nothing from the defendant Harry J. Tilton". On January 9, 1934, one of the defendants, Isabel B. Antrim Tilton, through the same attorney who had represented both defendants at the trial of the action, filed a notice of appeal, with a bond, the notice stating that the appeal was taken "on the question of law and fact, from the judgment herein rendered by the above entitled court and from the whole thereof". Notice of the appeal was served on the plaintiff in the action by serving the attorney who had represented him at the trial, but no notice was served on the defendant Harry J. Tilton, in whose favor judgment had been rendered. The notice of appeal was addressed to "the plaintiff above named and to C. C. Pease Esq., his attorney". On January 22, 1934, the plaintiff in that action filed in the superior court a motion to dismiss the appeal on several grounds, including the ground that notice of appeal had not been served upon one of the adverse parties, to, wit, Harry J. Tilton. The motion to dismiss the appeal was denied and the cause placed on the civil active list to be set for trial and this proceeding followed.

The respondents have answered and filed a brief, the contention being that the defendant Harry J. Tilton was not an adverse party and no service upon him was required, and that, even if he were an adverse party, no service was required because the same attorney had represented both de-

fendants at the trial, and, therefore, the attorney for Harry J. Tilton had knowledge of the fact that an appeal had been taken.

The respondents rely upon the following cases: *Senter* v. *De Bernal*, 38 Cal. 637, *Randall* v. *Hunter*, 69 Cal. 80 [10 Pac. 130], *Terry* v. *Superior Court*, 110 Cal. 85 [42 Pac. 464], *Farrell* v. *Ontario*, 49 Cal. App. 659 [194 Pac. 69], *O'Malley* v. *Carrick*, 60 Cal. App. 48 [212 Pac. 45], and *Jackson* v. *Superior Court*, 20 Cal. App. 638 [129 Pac. 946]. Other than the last case cited, all of these cases come within the exception noted in *MacDonald* v. *Superior Court*, 101 Cal. App. 423 [281 Pac. 672], where the court said: ''An examination of these cases will show that the codefendants had defaulted or consented to the judgment rendered against them, or the action as to them had been dismissed.'' In all of those cases, by reason of the pleadings, the default of a party, a dismissal as to him, or some similar fact, a further hearing could not affect the parties in question and for that reason it was held that service on them was not necessary. An apparent exception exists in the case of *Jackson* v. *Superior Court, supra*. Some of the language used in the opinion in that case supports the contention of respondents. However, the facts in that case, although not fully set forth in the opinion, bring the case within the exception just noted, since the plaintiff in that action had expressly disavowed any claim against the defendant who was not served.

Under the statute, the respondent court had no jurisdiction of this appeal if notice thereof was not served on any adverse party. The general rules for determining who is an adverse party are well settled. Briefly, a party is adverse, within the meaning of the statute, if the judgment gave him something which may be taken away by a reversal or modification thereof (*MacDonald* v. *Superior Court, supra*). In that case judgment had been entered against one of four defendants in favor of the plaintiff and of the other defendants. Notice of appeal was not served upon the defendants in whose favor judgment was entered. The court said:

''A nonappealing coparty is an adverse party if his interest may be affected by a reversal or modification of the judgment appealed from. So here, the codefendants are adverse parties for the reasons given. They were success-

ful in the Justice's Court and a different judgment might take away the fruits of their judgment. If the appeal were properly perfected they would be required to appear and prepare their defense, as the hearing in the Superior Court would be a trial *de novo*, and might result in an entirely different judgment.''

In the case before us, the defendant against whom judgment was entered appealed from the entire judgment on questions of law and fact, but did not serve the defendant in whose favor the judgment had been rendered. The nature of the appeal called for a trial *de novo*, during which the appealing defendant would have the right to prove either that no money was owed to the plaintiff or that any amount due was owed by her husband and not by herself. In the event she proved the latter, a judgment should be entered in favor of the plaintiff against the husband alone. The interest of the husband might be seriously affected by the new judgment and, under established rules, he must be considered an adverse party.

The question remains whether service of notice of appeal on the husband as an adverse party was unnecessary because the attorney who took this appeal had represented both defendants at the trial and therefore had knowledge of the fact that an appeal was taken. It has been held that actual knowledge cannot take the place of service of notice of appeal (*Estate of Pendergast*, 143 Cal. 135 [76 Pac. 962]). Nothing in the record indicates that the unserved defendant was before the court so far as the appeal is concerned, nor that the attorney in question, who had formerly represented that defendant, intended to or was representing him upon this appeal. The record indicates the contrary and the notice of appeal purported to be given by the wife only, and the same was addressed to the plaintiff and to his attorney. Nothing was done to bring the adverse party before the court and it is difficult to see how a trial *de novo* could justly be had in his absence. Under these circumstances, the mere fact that the former attorney for the adverse party had knowledge that the appeal had been taken could not change the situation or in any way bring into the case the required element. The attempted appeal was ineffectual, the court was without jurisdiction to proceed in

the matter, and the motion to dismiss should have been granted.

A further point raised by the appellant to the effect that he himself was not properly served with notice of appeal is without merit.

It is ordered that a peremptory writ of prohibition be issued as prayed for.

Jennings, J., and Marks, J., concurred.