[Civ. No. 19458.   Second Dist., Div. Three.   Jan. 30, 1953.]

ALVIN C. FRASER et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

694

Davidson & Davidson and Harold M. Davidson for Petitioners.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Deputy County Counsel, and Hahn, Ross & Saunders for Respondent.

VALLÉE, J.—Prohibition is sought to restrain further proceedings by respondent court in an action pending therein in which petitioners are the plaintiffs, and Harold H. Bennetto and Bernadette M. Bennetto, husband and wife, are the defendants. The action now pending in the superior court was begun in the justice court, and a judgment was rendered therein in favor of the plaintiffs against Bernadette M. Bennetto, and in favor of Harold H. Bennetto against plaintiffs. The same attorneys appeared for Bernadette and Harold in the justice court. Within the time allowed by law, Bernadette filed a notice of appeal from the judgment. The notice of appeal was directed to the justice, to the plaintiffs, and to their attorneys. She served a copy of the notice of appeal on the attorney for the plaintiffs, but did not serve a copy of the notice, or any notice of the appeal, on Harold. The appeal was taken on questions of both law and fact.

When the cause came on for trial in the superior court, plaintiffs, petitioners here, moved the court to dismiss the appeal on the ground section 974 of the Code of Civil Procedure had not been complied with since Harold was an adverse party on the appeal; that he had not been served with the notice of appeal, and that therefore the superior court was without jurisdiction of the appeal. The attorneys ap-

pearing for Bernadette (the same attorneys who had appeared for Bernadette and Harold in the justice court), over objection of the plaintiffs, were permitted to file a document which read: "Appearance of Harold Bennetto: Harold Bennetto hereby appears, by his attorneys, Hahn, Ross & Saunders, in the above entitled matter, for all purposes, and waives all notice of proceedings in the above matter. Dated November 26th, 1952. Hahn, Ross & Saunders By Saul Ross." Harold was then present in the superior court and Mr. Ross stated that he (Harold) would waive notice of the appeal. Although the court ruled that the proceeding was a trial *de novo* in the superior court, the motion was denied.

Petitioners contend the superior court did not acquire jurisdiction of the appeal by reason of the failure to serve Harold. We have concluded the contention must be sustained.

Section 974 of the Code of Civil Procedure reads: "Any party dissatisfied with the judgment rendered in a civil action in a police or justice's court, may appeal therefrom to the superior court of the county, at any time within thirty days after notice of the rendition of the judgment. The appeal is taken by filing a notice of appeal with the justice or judge, *and serving a copy on the adverse party.* The notice must state whether the appeal is taken from the whole or a part of the judgment, and if from a part, what part, and whether the appeal is taken on questions of law or fact or both." (Italics added.) Section 976 reads: "When a party appeals to the superior court on questions of fact, or on questions of both law and fact, no statement need be made, but the action or hearing on the order made after judgment must be tried or heard anew in the superior court." Section 980a reads: "When the action is tried anew or the application for an order is heard anew on appeal the trial or hearing must be conducted in all respects as other trials or hearings in the superior court. . . ."

*Molenaar* v. *Superior Court,* 137 Cal.App. 643 [31 P.2d 221], is squarely in point and decisive of the question. The Molenaar case was a proceeding for a writ of prohibition to restrain further proceedings by the superior court in a case which had been appealed from the justice court. The action in the justice court was against a husband and wife. Judgment was against the wife and in favor of the husband. The same attorney represented both defendants throughout. The wife appealed. Notice of appeal was served on the plaintiff in the action, but not on the husband. The respondents there

contended, as does respondent here, that the husband was not an adverse party and no service on him was required; and that, even if he were an adverse party, no service was required because the same attorney had represented both defendants at the trial in the justice court and therefore the husband had knowledge of the fact that an appeal had been taken. The court held (p. 645) : ''Under the statute, the respondent court had no jurisdiction of this appeal if notice thereof was not served on any adverse party. The general rules for determining who is an adverse party are well settled. ■ Briefly, a party is adverse, within the meaning of the statute, if the judgment gave him something which may be taken away by a reversal or modification thereof. (*MacDonald* v. *Superior Court, supra,* [101 Cal.App. 423 (281 P. 672)].) In that case judgment had been entered against one of four defendants in favor of the plaintiff and of the other defendants. Notice of appeal was not served upon the defendants in whose favor judgment was entered. The court said : 'A nonappealing co-party is an adverse party if his interest may be affected by a reversal or modification of the judgment appealed from. So here, the codefendants are adverse parties for the reasons given. They were successful in the Justice's Court and a different judgment might take away the fruits of their judgment. If the appeal were properly perfected they would be required to appear and prepare their defense, as the hearing in the Superior Court would be a trial *de novo*, and might result in an entirely different judgment.'

■ ''In the case before us, the defendant against whom judgment was entered appealed from the entire judgment on questions of law and fact, but did not serve the defendant in whose favor the judgment had been rendered. The nature of the appeal called for a trial *de novo*, during which the appealing defendant would have the right to prove either that no money was owed to the plaintiff or that any amount due was owed by her husband and not by herself. In the event she proved the latter, a judgment should be entered in favor of the plaintiff against the husband alone. The interest of the husband might be seriously affected by the new judgment and, under established rules, he must be considered an adverse party.

■ ''The question remains whether service of notice of appeal on the husband as an adverse party was unnecessary because the attorney who took this appeal had represented both defendants at the trial and therefore had knowledge

of the fact that an appeal was taken. It has been held that actual knowledge cannot take the place of service of notice of appeal. (*Estate of Pendergast,* 143 Cal. 135 [76 P. 962].)''

The effect of the appeal, if it had been well taken, would have been to vacate the judgment of the justice court *in toto,* and to require that all issues of fact between the plaintiff and both defendants be tried anew in the superior court; and if, on a trial of the issues, the superior court should have determined in favor of the plaintiff, it would have been authorized to render a judgment against both defendants. (*Rossi* v. *Superior Court,* 114 Cal. 371, 374 [46 P. 177].) Harold was an adverse party, and in order that an effective appeal be taken it was necessary to serve a copy of the notice on him.

The filing of the document we have quoted did not operate to give the superior court jurisdiction; nor did the appearance of Harold in the superior court when the cause was called for trial. Service of a copy of the notice of appeal on the adverse party is a jurisdictional prerequisite; it cannot be dispensed with; nor can it be supplied after the time limited by the statute for taking the appeal; and unless it is done, the superior court does not acquire jurisdiction, and the appeal is ineffectual for any purpose. (*McKeen* v. *Naughton,* 88 Cal. 462, 465-466 [26 P. 354]; *Brown* v. *Superior Court,* 65 Cal.App. 147 [223 P. 426]; *Dalzell* v. *Superior Court,* 67 Cal. 453 [7 P. 910].) Such jurisdiction cannot be conferred by stipulation of the parties. (*Harpold* v. *Superior Court,* 58 Cal.App. 629, 631 [209 P. 219].) In the Harpold case, the court said (p. 631) : ''[T]here is no duty on the part of the respondent court, nor is there any power resting in the respondent court, to take jurisdiction of, or to hear an appeal, except as the statute provides, and the statute governing the subject expressly provides that 'the appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party.' ''

The exercise of jurisdiction by a reviewing court in a case where there has been no service of the notice of appeal when service is required, is ineffectual and void. (*Trobock* v. *Caro,* 60 Cal. 301.)

Section 940 of the Code of Civil Procedure formerly provided that an appeal from the superior court was taken by filing with the clerk of that court a notice of appeal and serving a similar notice on the adverse party or his attorney. (Am. Code Amdts. 1873-1874, p. 336.) It was held that

service of the notice of appeal had a two-fold purpose: first, to give the appellate court jurisdiction of the person of the respondent, and, second, to give it jurisdiction of the subject matter of the appeal; that the requirement of service on the adverse party or his attorney was mandatory; that if service was not made within the statutory time the appellate court did not acquire jurisdiction of the case; that the voluntary appearance by the adverse party within the time in which service of the notice on him would be effectual to vest jurisdiction of the appeal in the appellate court gave that court jurisdiction of the appeal, but that the voluntary appearance of the adverse party after the time in which service of the notice on him was required did not give the appellate court jurisdiction since jurisdiction over the subject matter can never be conferred by consent. (2 Cal.Jur. 327, §§ 116, 117.) In the present case Harold did not appear in the superior court until long after the time in which service of the notice could be made on him had elapsed.

Let a peremptory writ of prohibition issue as prayed.

Shinn, P. J., and Wood (Parker), J., concurred.