[No. B023065. Second Dist., Div. One. Nov. 17, 1987.]

WILLIAM C. NEWMAN, Plaintiff and Respondent, v.
GLINDA NEWMAN, Defendant and Appellant.

COUNSEL

Adelbert Clifford Haws for Defendant and Appellant.

Jeffery A. Brightwell for Plaintiff and Respondent.

OPINION

LUCAS, J.—Glinda Newman appeals from the judgment, after court trial, awarding William C. Newman damages of $50,000 for injuries he suffered when she shot him. We reverse.

The issue on appeal is whether Code of Civil Procedure section 340.3,[1] which provides for an extended period for commencing an action for damages based on a defendant's commission and conviction of a felony offense, applies when a defendant has been found not guilty by reason of insanity.

FACTS

On May 14, 1983, Glinda Newman invited William Newman, her ex-husband, to her home and shot him, inflicting serious injuries. Glinda was charged with attempted murder. (Pen. Code, §§ 664/187.) Other charges were eventually dismissed.

On June 15, 1984, William sued Glinda for damages for his injuries. Glinda demurred, claiming the action was barred by section 340, which provides a one-year statute of limitations for an action for injury caused by the wrongful act of another. The demurrer was overruled. Glinda's answer again raised the statute of limitations as a defense.

On July 31, 1985, Glinda changed her plea in the criminal action from not guilty and not guilty by reason of insanity to nolo contendere and not guilty by reason of insanity. The court accepted the plea, found her not guilty by reason of insanity, committed her to a mental hospital for a period not to exceed 14 years and adjourned proceedings.

Glinda's motion for summary judgment, filed March 17, 1986, was overruled, the court finding that she came within the provisions of section 340.3. That section which became effective on September 20, 1983, reads: "Unless a longer period is prescribed for a specific action, in any action for damages

---

[1] Unless otherwise provided, all statutory references are to the Code of Civil Procedure.

against a defendant based upon such person's commission of a felony offense for which the defendant has been convicted, the time for commencement of the action shall be within one year after judgment is pronounced. If the sentence or judgment is stayed, the time for the commencement of the action shall be tolled until the stay is lifted. For purposes of this section, a judgment is not stayed if the judgment is appealed or the defendant is placed on probation."

On July 7, 1986, after a trial by court, William was awarded damages of $50,000.

## DISCUSSION

Glinda admits that, unless it is barred by the statute of limitations, William's claim against her is valid. (Civ. Code, § 41.) ■ She argues that William's action is necessarily barred because section 340.3 does not extend the time for filing suit against a person found not guilty by reason of insanity. Glinda attempts to rely on *People* v. *Kelly* (1908) 7 Cal.App. 554 [95 P. 45], wherein the court stated: "If the defendant was . . . insane to a degree that he was incapable of knowing and understanding that he was thus doing wrong, then he was entitled, under the law, to an absolute acquittal." (*Id.,* at p. 557.) *Kelly* was decided before the enactment, in 1927, of Penal Code section 1026 which requires a finding or admission of guilt before the defendant can be found not guilty by reason of insanity.

■ Under present procedures, there is one trial (*People* v. *Villarreal* (1985) 167 Cal.App.3d 450, 458 [213 Cal.Rptr. 179]; *People* v. *Green* (1956) 47 Cal.2d 209, 234 [302 P.2d 307]; *People* v. *Troche* (1928) 206 Cal. 35, 48 [273 P. 767]) which is divided into two stages, the first to determine guilt and the second "to pass upon the issue of legal sanity" (*People* v. *Corona* (1978) 80 Cal.App.3d 684, 717 [145 Cal.Rptr. 894]). ■ "[P]roofs of insanity . . . are separable from the facts and circumstances attending the commission of the [crime]." (*People* v. *Leong Fook* (1928) 206 Cal. 64, 72; *People* v. *Nash* (1959) 52 Cal.2d. 36, 47 [338 P.2d 416].)

Consequently, "a verdict declaring an accused to be insane at the time of the commission of the acts constituting the crime does not operate as an acquittal of the charge." (*People* v. *Perry* (1929) 99 Cal.App. 90, 94 [277 P. 1080].) William's contention that Glinda's nolo contendere plea admitted her guilt is correct.

■ ■ In arguing that this admission of guilt is tantamount to a conviction, William relies upon a statement in *People* v. *Stuyvesant Ins. Co.* (1968) 261 Cal.App.2d 773 [68 Cal.Rptr. 389], that "[u]pon the entry of [a

plea of nolo contendere], defendant . . . became an unsentenced but convicted defendant." (*Id.,* at p. 784.) The defendant in *Stuyvesant* did not plead not guilty by reason of insanity. Therefore, there was no "sanity phase" in his court proceedings in which he could have been found "not guilty." Thus *Stuyvesant,* which involved revocation of the defendant's bail, is readily distinguishable from the situation before us.

■ Section 340.3 was enacted to comply with the provisions of Proposition 8 (Cal. Const., art. I, § 28), which provides: "It is the unequivocal intention of the People that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer."

■ William contends section 340.3 should be interpreted to allow recovery for any criminal wrong. We note that Proposition 8 specifically limits its application to "persons convicted." "It would require a peculiar process of reasoning to reach the conclusion that a defendant who was finally found not guilty by reason of insanity of a kind which rendered him incapable of committing the crime with which he was charged was nevertheless convicted of that crime." (*In re Merwin* (1930) 108 Cal.App. 31, 32 [290 P. 1076].) "The finding . . . that [Glinda] was not guilty by reason of insanity . . . made it impossible for the court to render a judgment of conviction." (*Id.,* at p. 33.)[2]

■ William also argues that Glinda's confinement in a facility for care and treatment of her mental disorder for a period not to exceed 14 years is tantamount to a conviction because section 681 of the Penal Code states that no one can be punished for a public offense, except upon a legal conviction. Glinda's confinement in a mental institution "is not penal but custodial." (*Estate of Gestner* (1949) 90 Cal.App.2d 680, 691 [204 P.2d 77]; *In re Franklin* (1972) 7 Cal.3d 126, 136 [101 Cal.Rptr. 553, 496 P.2d 465].)

■ Since Glinda was not "convicted" within the meaning of section 340.3 and no judgment of conviction was entered against her, William is not afforded the protection of the statute.

[2] There is a case which held that the use of the word "convicted" in a statute did not limit the victim's recovery to crimes for which the defendant was convicted. In *People* v. *Baumann* (1985) 176 Cal.App.3d 67 [222 Cal.Rptr. 32], the reviewing court held that a victim entitled to restitution under Penal Code section 1203.04, which refers to restitution for crimes for which defendants are "convicted," could receive restitution for offenses which were dismissed pursuant to a plea bargain which allowed the court to consider all offenses against the victim in setting the conditions of probation. The court expressed the view that "section 1203.04 does not limit a victim's rights to restitution" (*id.,* at p. 83) because such a limitation would be in derogation of the expressed intent and purposes of Proposition 8 (Cal. Const., art. I, § 28). *Baumann* is not helpful to William because, in *Baumann,* the defendant had been "convicted" of a crime against the victim and had expressly agreed that other offenses could be considered.

## DISPOSITION

The judgment is reversed. Appellant to recover costs on appeal.

Spencer, P. J., and Devich, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 28, 1988. Mosk, J., and Kaufman, J., were of the opinion that the petition should be granted.