[No. B028727. Second Dist., Div. Six. Mar. 11, 1988.]

JUDITH JAMIESON, Plaintiff and Respondent, v.
THOMAS P. HICKEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to rule 976.1 of the California Rules of Court this opinion is certified for publication. The portion to be published follows.

**COUNSEL**

Arthur H. Weed for Defendant and Appellant.

Matsinger & Blakeboro and Alan A. Blakeboro for Plaintiff and Respondent.

## OPINION

**GILBERT, J.**—The statute of limitations for bringing a civil action for damages against a defendant based on the defendant's commission of a felony is one year after judgment is pronounced. (Code Civ. Proc., § 340.3.) We hold here that even when the felony conviction is subsequently reduced to a misdemeanor, the statute of limitations is still one year from the original felony judgment. We therefore affirm the judgment.

. . . . . . . . . . . . . . . . . . . . . . .*

## FACTS

Defendant, Thomas Patrick Hickey, pleaded no contest to the charge of committing sexual battery against Judith Jamieson in violation of Penal Code section 243.4. The battery occurred on May 30, 1983. On October 21, 1983, Hickey received a suspended sentence and was ordered to serve 30 days in the county jail, pay a $500 fine, and $153.80 restitution to Jamieson.

On August 15, 1984, Jamieson filed a civil action against Hickey, seeking damages for personal injuries arising out of the sexual battery. On January 3, 1986—nearly 17 months after Jamieson filed her civil complaint—the criminal court which had earlier sentenced Hickey, granted his motion to terminate probation, declared the offense a misdemeanor and dismissed it, pursuant to Penal Code section 17, subdivision (b)(3).

In a court trial in September 1986, the civil court found Hickey liable to Jamieson and awarded her compensatory damages of $10,000. Hickey appeals the judgment. He claims the lawsuit was barred by the statute of limitations.

. . . . . . . . . . . . . . . . . . . . . . .*

---

*See footnote, *ante*, page 595.

## DISCUSSION

### Statute of Limitations

Under Code of Civil Procedure section 340.3, the statute of limitations for bringing an action for damages "against a defendant based upon such person's commission of a felony offense for which the defendant has been convicted" is one year from the date judgment is pronounced.[1] Hickey contends that because his conviction was reduced to a misdemeanor, Code of Civil Procedure section 340.3 is inapplicable. Her cause of action therefore accrued at the time she suffered the injury, and not on the date the criminal conviction was pronounced. He therefore argues that the trial court committed reversible error in denying his motion for summary judgment because the lawsuit was barred by the one-year statute of limitation.

Violation of Penal Code section 243.4 may be a felony or a misdemeanor offense, depending upon the sentence imposed. (See Pen. Code, § 17, subd. (b).) Hickey would have us give retroactive effect to the reduction of his conviction from a felony to a misdemeanor. This we cannot do, because his offense did not become a misdemeanor until so declared by the trial court in January 1986. (Pen. Code, § 17, subd. (b)(3).) ■ "Where an offense may be either a felony or misdemeanor depending on punishment, the offense stands as a felony for every purpose up to judgment, and the misdemeanor judgment subsequently rendered has no retroactive effect. [Citation.]" (*People* v. *Bozigian* (1969) 270 Cal.App.2d 373, 379 [75 Cal.Rptr. 876].)

■ Hickey was a convicted felon when Jamieson filed her civil action, and he remained a convicted felon for 17 months thereafter. Jamieson was entitled to rely on the extended statute of limitations provided by Code of Civil Procedure section 340.3. To bar a cause of action in this situation would force felony crime victims to file personal injury suits within one year of their injuries in order to protect themselves against the possibility that the defendant's felony conviction might later be reduced to a misdemeanor. It would allow for the setting aside of some judgments already collected.

---

[1] Code of Civil Procedure section 340.3 states: "Unless a longer period is prescribed for a specific action, in any action for damages against a defendant based upon such person's commission of a felony offense for which the defendant has been convicted, the time for commencement of the action shall be within one year after judgment is pronounced. If the sentence or judgment is stayed, the time for the commencement of the action shall be tolled until the stay is lifted. For purposes of this section, a judgment is not stayed if the judgment is appealed or the defendant is placed on probation."

Code of Civil Procedure section 340.3 is designed to facilitate recovery of damages in civil suits by victims of felonious crimes. (*People* v. *Downing* (1985) 174 Cal.App.3d 667, 671 [220 Cal.Rptr. 225].) We would undermine the purpose of the section if we were to put victims in a quandary about when to file actions against their assailants.

Hickey cites the recent case of *Newman* v. *Newman* (1987) 196 Cal.App.3d 255 [241 Cal.Rptr. 712], where Code of Civil Procedure section 340.3 was held not to apply where the defendant pleaded no contest to the criminal charge, and was subsequently found not guilty by reason of insanity. (*Id.* at pp. 258-259.) Unlike Hickey, however, the defendant in *Newman* was never " 'convicted' within the meaning of section 340.3 and no judgment of conviction was entered against her . . . ." (*Id.* at p. 259.)

██ We also agree with Jamieson that the statute of limitations was tolled at the time she filed suit. Code of Civil Procedure section 352.5 provides that "[i]f, after a cause of action accrues against a person, that person comes under an order for restitution as a condition of probation with respect to the specific act or omission giving rise to such person's liability, the time during which the order is in effect is not a part of the time limited for the commencement of such an action based upon that act or omission."

Here, Hickey was ordered to pay $153.80 in restitution to Jamieson, at a minimum monthly rate of $10, beginning February 1, 1984. Jamieson filed her suit less than seven months later, a time, she claims, when the restitution order was still in effect. Hickey does not argue otherwise. ██ The statute of limitations did not bar Jamieson's cause of action, and the trial court did not err in denying the motion for summary judgment.

. . . . . . . . . . . . . . . . . . .*

## ATTORNEY'S FEES

Jamieson moves for attorney's fees on appeal pursuant to Code of Civil Procedure section 1021.4, which allows an award of attorney's fees "[i]n an action for damages against a defendant based upon that defendant's

---

*See footnote, *ante*, page 595.

commission of a felony offense for which that defendant has been convicted . . . ." Seeing no reason why the statute should not apply to a successful plaintiff who prevails on appeal, we grant the motion.

The judgment is affirmed. Respondent is awarded costs on appeal and reasonable attorney's fees.

Stone (S. J.), P. J., and Abbe, J., concurred.